UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

HAJI ABDUL SATAR ABDUL MANAF,
a/k/a "Haji Abdul Sattar Barakzai,"

Defendant.

S1 18 Cr. 762 (PAC)

PROTECTIVE ORDER WITH RESPECT TO CERTAIN DISCOVERY

CROTTY, D.J.:

This matter came before the Court on the Government's motion ("Government Motion"), exhibits, and the declarations of various Government officials (collectively, the "Government Submission"). The Government Submission was filed *ex parte, in camera*, and through the Classified Information Security Officer on May 25, 2022.

The Government Submission sought a protective order, pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, regarding disclosure of certain information. After *ex parte, in camera* consideration of the Government Submission, this Court finds:

1. That the Government Submission contains and describes classified information that requires protection against unauthorized disclosure. That information is described with particularity in the Government Submission.

2. The head of the department that has control of the classified information described in the Government Submission, after actual personal consideration, has lodged the state secrets privilege with respect to that classified information.

1

Deleted Classified Materials

3. Disclosure of the "Deleted Classified Materials"—as that term is defined in Footnote 4 on Page 4 of the Government Motion—to the defense or the public could reasonably be expected to cause serious damage to the national security.

4. The Deleted Classified Materials are not discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, or Rule 16 of the Federal Rules of Criminal Procedure. In addition, the Deleted Classified Materials are not helpful to the defense, that is, useful to counter the Government's case or bolster a defense, as required under *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008).

Substituted Classified Materials

5. Disclosure of the "Substituted Classified Materials"—as that term is defined in Footnote 4 on Page 4 of the Government Motion—to the defense or the public could reasonably be expected to cause serious damage to national security.

6. The Proposed Substitutions—as that term is defined on Page 75 and Footnote 21 of the Government Motion and contained in Exhibits A and B to the Motion—provide the defendant with substantially the same ability to make his defense as would disclosure of the Substituted Classified Materials.

Accordingly, it is:

ORDERED that the Government Motion is granted, and the Deleted Classified Materials, as defined in the Government Motion and described herein, need not be disclosed to the defense; and it is further

ORDERED that the Government shall produce to defense counsel the Proposed Substitutions, as defined in the Government Motion and described herein; and it is further

ORDERED that the Government Submission is hereby sealed, and shall remain preserved in the custody of the Classified Information Security Officer, in accordance with established court security procedures, until further order of this Court.

SO ORDERED in Chambers this 23 day of June, 2022.

THE HONORABLE PAUL A. CROTTY
United States District Judge
Southern District of New York

3