UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAJI ABDUL SATAR ABDUL MANAF,<br>a/k/a "Haji Abdul Sattar Barakzai,"<br><br>Defendant. | S1 18 Cr. 762 (JSR) |

Whereas the United States of America, Damian Williams, United States Attorney for the Southern District of New York, by and through Assistant United States Attorneys Sam Adelsberg, Nicholas S. Bradley, and Kimberly J. Ravener (collectively, the "government"), seeks an order restricting the dissemination of material produced pursuant to the Jencks Act and *Giglio v. United States*, 405 U.S. 150 (1972) ("3500 Material") in connection with the trial in this matter scheduled to begin July 22, 2024 ("Trial"); and

Whereas, based on: (i) information in the public filings to date related to the defendant Haji Abdul Satar Abdul Manaf, a/k/a "Haji Abdul Sattar Barakzai," which indicates that the 3500 Material will contain sensitive information regarding assistance to law enforcement by others, including undercover officers and confidential sources who continue to provide assistance in sensitive and ongoing international investigations; and (ii) the consent of the defendant, by and through his attorneys Arlo Devlin-Brown, Esq. and Amanda Kramer, Esq., the Court finds that there is good cause for the requested relief:

IT IS HEREBY ORDERED that the government may designate, in whole or in part, certain 3500 Material in this case as "Attorneys' Eyes Only" by (i) communicating such designation to defense counsel in writing (by email or letter), or (ii) including a written designation

of "Attorneys' Eyes Only" or "AEO" on the face of such 3500 Material (together and hereinafter, "AEO 3500 Material"), only if attorneys for the government determine reasonably and in good faith that such designation is necessary to protect (a) the legitimate safety interests of a witness, confidential source, or undercover agent; or (b) the confidentiality of ongoing criminal investigations;

IT IS FURTHER ORDERED that the defendant and his counsel, including but not limited to Mr. Devlin-Brown and Ms. Kramer, any other lawyers, and any U.S.-based paralegals and other law firm personnel, investigators, and interpreters working for the defendant or Mr. Devlin-Brown and Ms. Kramer (collectively, the "defense team"), shall not transport or transmit any of the 3500 Material outside of the United States;

IT IS FURTHER ORDERED that the defendant and his defense team shall not show or disseminate any of the 3500 Material to anyone other than the defendant and members of the defense team;

IT IS FURTHER ORDERED that the defendant shall not possess any of the 3500 Material, either before, during, or after the Trial, except when reviewing the 3500 Material in the presence of members of the defense team;

IT IS FURTHER ORDERED that AEO 3500 Material received by defense counsel shall be maintained on an attorneys' eyes only basis, and the defense shall not share any AEO 3500 Material or the content of the AEO 3500 Material with any other persons, including the defendant, except for members of the defense team. Defense counsel may at any time prior to Trial notify attorneys for the government of an objection to an AEO designation and provide the reason for the objection and, if the parties cannot timely reach agreement, either party may address their dispute

to this Court in accordance with the Court's Individual Rules of Practice. AEO 3500 Material pertinent to any motion before the Court shall initially be filed under seal, absent consent of the government or Order of the Court prior to filing.

IT IS FURTHER ORDERED that the defendant and his defense team shall return to the government, or destroy and then confirm destruction, all of the 3500 Material at the close of the Trial or when any appeals have become final; and

IT IS FURTHER ORDERED that defense counsel may seek authorization of the Court, with notice to the government, to provide certain specified materials to persons whose access to such materials is otherwise prohibited by this Order, if it is determined by the Court that such access is necessary for the purpose of preparing the defense of the case.

SO ORDERED:

_____
THE HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

7/10/24
Date