UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| - v. - | : | S1 18 Cr. 762 (JSR) |
| | : | |
| HAJI ABDUL SATAR ABDUL MANAF, | : | |
| a/k/a "Haji Abdul Sattar Barakzai," | : | |
| | : | |
| Defendant. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## THE GOVERNMENT'S REQUESTS TO CHARGE

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
26 Federal Plaza
New York, New York 10278
*Attorney for the United States of America*

Sam Adelsberg
Nicholas S. Bradley
Kimberly J. Ravener
Assistant United States Attorneys
    *Of Counsel*

**TABLE OF CONTENTS**

Request No. 1    The Indictment .......................................................................................... 3

Request No. 2    Count One: Attempted Distribution of a Controlled Substance for the Purpose of Unlawful Importation .................................................................................. 4

Request No. 3    Count One: Special Interrogatory on Drug Type and Quantity ........................... 8

Request No. 4    Count Two: Distribution of a Controlled Substance with Intent to Support a Terrorist Organization—Elements of the Offense ............................................. 10

Request No. 5    Count Two: Distribution of a Controlled Substance with Intent to Support a Terrorist Organization—Providing Pecuniary Value to a Terrorist Organization …………………………………………………………………………..11

Request No. 6    Count Three: Attempted Distribution of a Controlled Substance with Intent to Support a Terrorist Organization—Providing Pecuniary Value to a Terrorist Organization ..................................................................................... 13

Request No. 7    Count Three: Distribution of a Controlled Substance with Intent to Support a Terrorist Organization—Providing Pecuniary Value to a Terrorist Organization …………………………………………………………………………..15

Request No. 8    Count Four: Witness Tampering Conspiracy—Elements .................................. 16

Request No. 9    Count Four: Witness Tampering Conspiracy—Liability for Acts of Co-Conspirators .......................................................................................... 21

Request No. 10    Count Five: Witness Tampering—Elements ...................................................... 23

Request No. 11    Counts Two, Three, and Five—Aiding and Abetting ......................................... 24

Request No. 12    Variance in Dates .......................................................................................... 26

Request No. 13    Venue ............................................................................................................ 27

Request No. 14    Defendant's Testimony (If Applicable) .............................................................. 29

Request No. 15    Defendant's Right Not to Testify (If Requested by the Defendant) .................... 30

Request No. 16    Uncalled Witnesses: Equally Available to Both Sides ...................................... 31

Request No. 17    Persons Not On Trial ...................................................................................... 32

Request No. 18 Use of Evidence Obtained at Time of Arrest ....................................................... 33

Request No. 19 Use of Evidence Obtained Pursuant to Searches................................................. 34

Request No. 20 Use of Video and Audio Recordings and Transcripts ......................................... 35

Request No. 21 Redaction of Evidentiary Items (If Applicable) .................................................. 36

Request No. 22 Stipulations of Testimony (If Applicable).......................................................... 37

Request No. 23 Stipulations of Fact (If Applicable).................................................................... 38

Request No. 24 Similar Acts (If Applicable) ................................................................................ 39

Request No. 25 Particular Investigative Techniques Not Required (If Applicable)..................... 41

Request No. 26 Law Enforcement and Government Employee Witnesses ................................... 42

Request No. 27 Use of Undercover Agents and Informants .......................................................... 43

Request No. 28 Inferences ............................................................................................................ 44

Request No. 29 Preparation of Witnesses ..................................................................................... 45

Request No. 30 Charts and Summaries (If Applicable) ................................................................. 46

Request No. 31 Expert Testimony (If Applicable) ....................................................................... 47

Request No. 32 Character Witnesses (If Applicable) ................................................................... 48

Request No. 33 Improper Considerations: Race, Religion, National Origin, Sex, or Age ........... 49

Request No. 34 Conclusion........................................................................................................... 50

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :

UNITED STATES OF AMERICA          :

                               :

  - v. -                      :         S1 18 Cr. 762 (JSR)

                               :

HAJI ABDUL SATAR ABDUL MANAF,  :
    a/k/a "Haji Abdul Sattar Barakzai,"  :

                               :

          Defendant.       :

                               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## THE GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

**<u>General Requests</u>**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

    a.      Function of Court and Jury

    b.      Statements of Court and Counsel Not Evidence

    c.      Rulings on Evidence and Objections

    d.      Burden of Proof and Presumption of Innocence

    e.      Reasonable Doubt

    f.      Government Treated Like Any Other Party

    g.      Definitions and Examples of Direct and Circumstantial Evidence

    h.      Credibility of Witnesses

    i.      Interest in Outcome

    j.      Right to See Exhibits and Have Testimony Read During Deliberations

    k.      Sympathy:  Oath as Jurors

    l.      Punishment Is Not to Be Considered by the Jury

    m.      Verdict of Guilt or Innocence Must be Unanimous

    n.      Jury's Recollection Governs

    o.      Note-Taking by Jurors

    p.      Duty to Base Verdict on Evidence

    q.      Duties of the Foreperson and Return of Verdict Form

**Request No. 1          The Indictment**

The defendant Haji Abdul Satar Abdul Manaf, also known as Haji Abdul Sattar Barakzai, is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.

The Indictment contains a total of five counts, or charges.  In your deliberations and in reaching your verdict, you must consider each count separately.

Count One charges that, between in or about January 2018 and October 2018, the defendant attempted to distribute heroin intending, knowing, or having reasonable cause to believe that it would be imported into the United States, in violation of the narcotics laws of the United States.

Count Two charges that, between in or about January 2018 and October 2018, the defendant engaged in the distribution, and possession with intent to distribute, of heroin, knowing and intending to provide something of pecuniary value to a terrorist organization, specifically, the Taliban.

Count Three charges that, between in or about January 2018 and October 2018, the defendant attempted to engage in the distribution, and possession with intent to distribute, of heroin, knowing and intending to provide something of pecuniary value to a terrorist organization, specifically, the Haqqani Network.

Count Four charges that, between in or about February 2019 and April 2019, the defendant conspired with others to engage in witness tampering.

Count Five charges that, between in or about February 2019 and April 2019, the defendant engaged in witness tampering.

**Request No. 2**          **Count One: Attempted Distribution of a Controlled Substance for the Purpose of Unlawful Importation**

As I mentioned earlier, Count One charges the defendant with attempting to distribute a controlled substance, intending or knowing that at least some of the controlled substance would be imported into the United States. Let me start with the elements of this offense. Then I will go further into the meaning of "attempt."

### Elements of the Offense

To sustain its burden of proof on the charge of attempted distribution of a controlled substance for the purpose of unlawful importation, the Government must prove the following three elements beyond a reasonable doubt:

*The first element* is that on or about the dates alleged in the Indictment, the defendant attempted to distribute a controlled substance, either intending or knowing that at least some of that controlled substance would be imported into the United States.

The Government need not establish that the defendant ever actually distributed a controlled substance; however, the Government must prove beyond a reasonable doubt that the defendant intended to distribute a controlled substance when he took some action constituting a substantial step toward the commission of the crime of distribution of a controlled substance for the purpose of unlawful importation.

### *"Import"*

The term "import" has its common, everyday meaning, namely, to "bring" or "introduce" something into an area of the United States.  To "import" a substance means to bring or transport a substance into the United States from some place outside the United States.  Importation does

4

not require that the substance be sold or consumed within the United States.  Bringing something to the United States, even if it is to be sent on to another country, is importation.

***"Distribute"***

The word "distribute" means the actual, constructive, or attempted transfer of a controlled substance. "Distribution" includes delivering, passing, or handing over something to another person, or causing something to be delivered, passed on, or handed over to another person. Distribution does not require a sale or an exchange.

*The second element* is that the defendant did so intentionally and knowingly.

***"Knowingly" and "Intentionally" Defined***

An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; that is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you do have before you evidence of certain acts, physical items, and conversations.  The Government contends that these acts, items, and conversations show, beyond a reasonable doubt, the defendant's knowledge of his unlawful purpose.  "Unlawful" means simply contrary to United States law.  The defendant need not have known that he was breaking any particular law or any particular rule.  He need only have been aware of the generally unlawful nature of his actions.

It is for you to determine whether the Government has established to your satisfaction, beyond a reasonable doubt, that such knowledge and intent existed on the part of the defendant.

*The third element* is that the substance involved was in fact a controlled substance. I instruct you that heroin qualifies as a "controlled substance," and you should apply that definition here. As long as you find that the defendant knowingly attempted to distribute a controlled substance, the amount involved, or its purity, is not part of your determination of the defendant's guilt or non-guilt. The Government also does not have to prove that the defendant knew the exact nature of the controlled substance. It is enough that the defendant knew that he was attempting to distribute some kind of controlled substance.

### Attempt

Let me say a few words about the meaning of "attempt." There is no requirement that the attempt be successful or that the defendant actually carried out the crime he was trying to commit. To prove the charge in Count One of attempting to distribute a controlled substance for the purpose of unlawful importation, the Government must prove beyond a reasonable doubt, one, that the defendant intended to commit the crime charged, and two, that the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. To convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged and that he took some action that was a substantial step toward the commission of the crime.

In determining whether the defendant's actions amounted to a substantial step toward commission of the crime charged, you must distinguish between mere preparation on the one hand and the actual doing of the criminal deed on the other. Mere preparation, which may consist of

6

planning the offense, or of devising, obtaining, or arranging a means for its commission, is not an

attempt, although some preparations may amount to an attempt.  The acts of a person who intends

to commit a crime will constitute an attempt where the acts themselves clearly indicate an intent

to commit the crime and the acts are a substantial step in a course of conduct planned to culminate

in the commission of the crime.

> Adapted from the Hon. Laura Taylor Swain, Jury Charge, *United States v. Ovalle*, 02 Cr. 975 (LTS) (S.D.N.Y. 2003); *see* the Hon. Jed S. Rakoff, Jury Charge, *United States v. Henareh*, 11 Cr. 93 (JSR) (S.D.N.Y. 2012); the Hon. Sidney H. Stein, Jury Charge, *United States v. Herbert,* 03 Cr. 211 (SHS) (S.D.N.Y. 2004); the Hon. John G. Koeltl, Jury Charge, *United States v. Alvarado-Matriller,* 94 Cr. 723 (JGK) (S.D.N.Y. 1995); the Hon. Leonard B. Sand, Jury Charge, *United States v. Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); the Hon. Harold Baer, Jury Charge, *United States v. Martinez,* 97 Cr. 313 (HB) (S.D.N.Y. 1997); Sand, *Modern Federal Jury Instructions,* Instr. 10-1 (attempt); 21 U.S.C. § 959(a); *United States v. Douglas*, 525 F.3d 225, 249 (2d Cir. 2008) (setting forth standard for criminal attempt); *United States v. Manley*, 632 F.2d 978, 987-88 (2d Cir. 1980) (discussing "substantial step"); *United States v. Farhane*, 634 F.3d 127, 147 (2d Cir. 2011) (same); *United States v. Desposito*, 704 F.3d 221, 231 (2d Cir. 2013) (same); the Hon. Jesse M. Furman, Jury Charge, *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021); the Hon. P. Kevin Castel, Jury Charge, *United States v. Geovanny Fuentes-Ramirez*, 15 Cr. 379 (S.D.N.Y. 2021); the Hon. P. Kevin Castel, Jury Charge, *United States v. Juan Antonio Hernandez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2019);the Hon. Paul A. Crotty, Jury Charge, *United States v. Flores, et al.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2016); *see also* Sand, *Modern Federal Jury Instructions*, Instrs. 10-1, 19-3S, 19-4, 19-6, 19-10.1, 56-18; 21 U.S.C. § 951(a)(1) (definition of importation); 21 U.S.C. §§ 802(11), 802(15) (definitions of distribution and manufacture).

**Request No. 3        Count One: Special Interrogatory on Drug Type and Quantity**

If, and only if, you find that the Government has proved beyond a reasonable doubt that the defendant is guilty of participating in the attempted distribution charged in Count One, you must then determine the type and quantity of the controlled substance involved. You will be provided with a verdict form that will include spaces for you to indicate your determinations as to drug type and quantity.

## Drug Type

The Government has alleged that heroin was the controlled substance involved in the offense charged in Count One.  I instruct you as a matter of law that heroin is a "controlled substance" as I previously stated.  The Government need not prove the purity of the heroin—any mixture or substance containing a detectable amount of heroin is sufficient.

## Drug Quantity

Now as to drug quantity, you need not determine the precise quantity of heroin.  Instead, if you reach the question of quantity, indicate on the verdict form whether the Government has established beyond a reasonable doubt that the offense charged in Count One involved either: (a) one kilogram or more of mixtures or substances containing a detectable amount of heroin; (b) 100 grams or more of mixtures or substances containing a detectable amount of heroin, but less than one kilogram; or (c) less than 100 grams of mixtures or substances containing a detectable amount of heroin.  The verdict form that I will submit to you will have a place where you can answer those questions.

8

Your finding on quantity must be unanimous in the sense that all of you must agree that the offense charged in Count One involved at least the quantity you indicate.  Here, the parties have stipulated that Government Exhibits 101 through 110 together contain more than one kilogram of mixtures or substances containing a detectable amount of heroin.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Blondet, et. al*, 16 Cr. 387 (JMF) (S.D.N.Y. 2022); the Hon. P. Kevin Castel, Jury Charge, *United States v. Geovanny Fuentes-Ramirez*, 15 Cr. 379 (S.D.N.Y. 2021); the Hon. P. Kevin Castel, Jury Charge, *United States v. Juan Antonio Hernandez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2019); the Hon. Paul A. Crotty, Jury Charge, *United States v. Van Praagh*, 14 Cr. 189 (PAC) (S.D.N.Y. 2014); the Hon. Paul A. Engelmayer, Jury Charge, *United States v. Fernandez*, 13 Cr. 20 (PAE) (S.D.N.Y. 2013); the Hon. Katherine B. Forrest, Jury Charge, *United States v. Del Rosario*, 12 Cr. 81 (KBF) (S.D.N.Y. 2012); the Hon. William H. Pauley III, Jury Charge, *United States v. Davis*, 06 Cr. 911 (WHP) (S.D.N.Y. 2010); the Hon. Gerard E. Lynch, Jury Charge, *United States v. Martinez*, S5 08 Cr. 792 (GEL) (S.D.N.Y. 2009).

9

**Request No. 4**          **Count Two: Distribution of a Controlled Substance with Intent to Support a Terrorist Organization—Elements of the Offense**

Count Two charges the defendant with the distribution and possession with intent to distribute a controlled substance with intent to provide something of pecuniary value to a person or organization that has engaged or engages in terrorist activities, specifically the Taliban.

In order to prove this charge against the defendant, the Government must establish beyond a reasonable doubt each of the following two elements of the crime:

*First*, that the defendant distributed, or possessed with intent to distribute, a controlled substance. I have previously instructed you on the definition of a "controlled substance," and the fact that heroin qualifies as a "controlled substance," and you should apply that definition here.

*Second*, that the defendant knew and intended that doing so would provide something of pecuniary value to the Taliban, and that he did so knowing or believing that the Taliban was engaged in terrorist activities.

I have already discussed the terms "intentionally" and "knowingly" in connection with Count One. Those instructions apply equally here.

> Adapted from the Hon. Jed S. Rakoff, Jury Charge, *United States v. Garavito-Garcia*, 12 Cr. 839 (JSR) (S.D.N.Y. 2015); Sand, *Modern Federal Jury Instructions,* Instrs. 56-56, 56-57.

10

**Request No. 5**      **Count Two: Distribution of a Controlled Substance with Intent to Support a Terrorist Organization—Providing Pecuniary Value to a Terrorist Organization**

[*If the parties have stipulated that the Taliban has been designated as a terrorist organization by the United States government*]

Here, the parties have stipulated that the Taliban has been publicly designated as a terrorist organization by the United States government since 2002 through the present. But the Government must still prove beyond a reasonable doubt that when the defendant distributed, or possessed with intent to distribute, a controlled substance or attempted to do so, the defendant did so for the purpose of providing something of pecuniary value to the Taliban, knowing or believing that the Taliban was engaged in terrorist activity.

[*If the parties have not stipulated*]

The Government must prove beyond a reasonable doubt that when the defendant distributed, or possessed with intent to distribute, a controlled substance or attempted to do so, the defendant did so for the purpose of providing something of pecuniary value to the Taliban, knowing or believing that the Taliban was engaged in terrorist activity.

"Terrorist activity" includes the use of explosives, firearms, or other dangerous weapons with the intent to endanger the safety of one or more persons, or to cause substantial damage to property.

"Something of pecuniary value" means something of monetary or economic value, such as money or drugs.

11

Adapted from the Hon. Jed S. Rakoff, Jury Charge, *United States v. Garavito-Garcia*, 12 Cr. 839 (JSR) (S.D.N.Y. 2015); Sand, *Modern Federal Jury Instructions,* Instr. 56-58; 21 U.S.C. § 960a; 18 U.S.C. § 1958(b)(1) (defining "anything of pecuniary value).

**Request No. 6**          **Count Three: Attempted Distribution of a Controlled Substance with Intent to Support a Terrorist Organization—Providing Pecuniary Value to a Terrorist Organization**

Count Three charges the defendant with the attempted distribution and possession with intent to distribute a controlled substance with intent to provide something of pecuniary value to a person or organization that has engaged or engages in terrorist activities, specifically the Haqqani Network.

To prove the attempt charge in Count Three the Government must prove beyond a reasonable doubt, first, that the defendant intended to commit the crime charged, and second, that the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the crime. I have previously instructed you on these elements regarding attempt, and you should apply those same instructions here.

I have also previously instructed you on the underlying elements of this charge, which are the same as the elements in Count Two:

*First*, that the defendant attempted to distribute, or possess with intent to distribute, a controlled substance. I have previously instructed you on the definition of a "controlled substance," and the fact that heroin qualifies as a "controlled substance," and you should apply that definition here.

*Second*, that the defendant knew and intended that doing so would provide something of pecuniary value to the Haqqani Network, directly or indirectly, and that he did so knowing or believing that the Haqqani Network was engaged in terrorist activities.

13

I have already discussed the terms "intentionally" and "knowingly" in connection with Count One. Those instructions apply equally here.

Adapted from the Hon. Jed S. Rakoff, Jury Charge, *United States v. Garavito-Garcia*, 12 Cr. 839 (JSR) (S.D.N.Y. 2015); Sand, *Modern Federal Jury Instructions,* Instrs. 56-56, 56-57.

**Request No. 7**　　　　**Count Three: Distribution of a Controlled Substance with Intent to Support a Terrorist Organization—Providing Pecuniary Value to a Terrorist Organization**

[*If the parties have stipulated that the Haqqani Network has been designated as a terrorist organization by the United States government*]

Here, the parties have stipulated that the Haqqani Network has been publicly designated as a terrorist organization by the United States government since 2012 through the present. But the Government must still prove beyond a reasonable doubt that when the defendant distributed, or possessed with intent to distribute, a controlled substance or attempted to do so, the defendant did so for the purpose of providing something of pecuniary value to the Haqqani Network, knowing or believing that the Haqqani Network was engaged in terrorist activity.

[*If the parties have not stipulated*]

The Government must prove beyond a reasonable doubt that when the defendant distributed, or possessed with intent to distribute, a controlled substance or attempted to do so, the defendant did so for the purpose of providing something of pecuniary value to the Haqqani Network, knowing or believing that the Haqqani Network was engaged in terrorist activity.

I have previously instructed you on the definitions of the terms "terrorist activity" and "something of pecuniary value" in connection with my instructions for Count Two, and you should apply those instructions equally here.

> Adapted from the Hon. Jed S. Rakoff, Jury Charge, *United States v. Garavito-Garcia*, 12 Cr. 839 (JSR) (S.D.N.Y. 2015); Sand, *Modern Federal Jury Instructions,* Instr. 56-58.

15

**Request No. 8          Count Four: Witness Tampering Conspiracy—Elements**

Count Four charges the defendant with conspiracy to commit witness tampering between in or about February 2019 and April 2019.  For the Government to sustain its burden as to Count Four, the Government must prove the following two elements beyond a reasonable doubt.

First, the existence of the charged conspiracy; and

Second, that the defendant knowingly and intentionally joined and participated in this conspiracy during the applicable time period.

### *Existence of the Conspiracy*

Starting with the first element, what is a conspiracy?  A conspiracy is an agreement or understanding between two or more persons to accomplish  by joint action a criminal or unlawful purpose.  A conspiracy to commit a criminal act is a separate crime from the criminal act itself. If a conspiracy exists, even if its purpose is not successful or ever carried out, it is punishable as a crime.  In this instance, the object of the conspiracy charged in Count Four of the Indictment is witness tampering, which I have already described to you.

To show an agreement, the prosecution is not required to show that two or more people sat down around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details of the plans and the means by which the unlawful project was to be carried out, or the part that each of the persons who is a party to the conspiracy is going to play.  Common sense will tell you that when two agree to undertake to enter into a criminal conspiracy, much is left to unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

16

In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan. If you find beyond a reasonable doubt that two or more persons came to an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose. The old saying "actions speak louder than words" may apply here. Often, the only evidence that is available is that of disconnected acts that, when taken together in connection with one another, show a conspiracy or an agreement to secure a particular result just as conclusively as more direct proof.

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy. In determining the factual issues before you, you may take into account against the defendant any acts done or statements made by any of the alleged co-conspirators during the course of the conspiracy, even though such acts or statements were not made in the presence of the defendant or were made without his knowledge.

Of course, proof concerning the accomplishment of the object of a conspiracy may be the most persuasive evidence that the conspiracy itself existed, but it is not necessary, as I have said, that the conspiracy actually succeeded for you to conclude that it existed. In deciding whether the conspiracy charged in Count Four existed, you may consider all the evidence of the acts, conduct,

and statements of the alleged conspirators and the reasonable inferences to be drawn from that evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way, and that they agreed, as I have explained, to work together to accomplish an object or objective of the conspiracy.

Object of the Conspiracy

The objects of a conspiracy are the illegal goals the co-conspirators agree or hope to achieve.   The conspiracy charged here is alleged to have the object or purpose of witness tampering. To prove the crime of witness tampering, the Government must prove the following beyond a reasonable doubt:

*First*, that on or about the date charged, a member of the conspiracy knowingly used physical force or the threat of physical force against another person, or attempted to do so; and

*Second*, that the defendant acted knowingly and with the intent to hinder, to influence, delay, or prevent the testimony of another individual in an official federal proceeding.

To act with the intent to influence the testimony of a witness means to act for the purpose of getting that witness to change or color or shade his or her testimony in some way. It is not necessary for the government to prove that the witness's testimony was in fact changed in any way.

An official proceeding means a proceeding before a court, judge or federal agency. You are instructed that a federal criminal case is an official proceeding.

18

***Participation in the Conspiracy***

The second element of this offense is that the defendant knowingly and willfully joined the conspiracy. As I have already instructed you, to act knowingly means in this context to act consciously and deliberately, rather than mistakenly or inadvertently, and to act willfully in this context means to act voluntarily, purposely and with knowledge of and intent to do something unlawful. Thus a defendant enters into a conspiracy knowingly and willfully if he joins the conspiracy deliberately, purposefully, and with knowledge of and intent to further the conspiracy's unlawful objective.

It is not necessary that the defendant have been fully informed of all the details of the alleged conspiracy in order to justify an inference of membership on his part. Nor does the defendant need to have known the full extent of the alleged conspiracy or all of its participants. Indeed, it is not necessary that the defendant know more than one other member of the alleged conspiracy. It is also not necessary that the defendant have received any monetary benefit from participating in the alleged conspiracy, or that the alleged conspiracy actually succeeded.

A defendant's guilt also does not depend on the extent or duration of his participation in the conspiracy. Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the conspiracy.

I want to caution you that some facts do not, by themselves, establish the defendant's participation in a conspiracy. The defendant's mere presence at the scene of a crime does not, by

19

itself, make him a member of the conspiracy. Similarly, mere association with one or more members of a conspiracy does not automatically make the defendant a member. A person may know, be related to, or be friendly with a criminal without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, if acts of the defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, that does not make the defendant a member of the conspiracy. More is required under the law. Again, what is necessary is that the defendant must have joined in the conspiracy with knowledge of at least some of its purposes or objectives and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

> Adapted from the charge of the Honorable Jed S. Rakoff in *United States v. Whitman*, 12 Cr. 125 (JSR) and in *United States v. Naranjo et al.*, 13 Cr. 351 (JSR); the charge of the Honorable Cathy Seibel in *United States v. Boria, et al.*, 16 Cr. 478; the charge of the Honorable William H. Pauley III in *United States v. Davis, et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. Apr. 30, 2010) and the Honorable Leonard B. Sand in *United States v. Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); *see also* Sand, *Modern Federal Jury Instructions* 46-52, 46-53.

**Request No. 9**          **Count Four: Witness Tampering Conspiracy—Liability for Acts of Co-Conspirators**

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy are deemed under the law to be the acts of all of the members and all of the members are responsible for such acts, declarations, statements, and omissions.

If you find beyond a reasonable doubt that the defendant was a member of the conspiracy charged in Count Four, then any acts done in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy that were reasonably foreseeable as a necessary or natural part of the conspiracy may be considered against the defendant. This is so even if such acts were done in the defendant's absence and without his knowledge.

However, before you may consider the acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence and in furtherance of the unlawful scheme. If the acts were done by someone whom you do not find to have been a member of the conspiracy or if they were not done in furtherance of the conspiracy, they may not be considered by you under this theory of liability.

> Adapted from the charges of the Hon. J. Paul Oetken in *United States v. Bimbow*, No. 21 Cr. 48 (JPO) (S.D.N.Y. 2022); the Hon. Vernon S. Broderick in *United States v. Allums*, No. 15 Cr. 153 (S.D.N.Y. 2017); and the Hon. Katherine B. Forrest in *United States v. Benito del Rosario*, No. 12 Cr. 81 (KBF) (S.D.N.Y. 2012); *see Pinkerton v. United States*, 328 U.S. 640, 646-47 (1946); *United*

*States v. Heras*, 609 F.3d 101, 110-11 (2d Cir. 2010); *United States v. Maldonado-Rivera*, 922 F.2d 934, 961-62 (2d Cir. 1990).

22

**Request No. 10**          **Count Five: Witness Tampering—Elements**

Count Five charges the defendant with witness tampering between in or about February 2019 and April 2019. I have previously described the elements of witness tampering to you in connection with the conspiracy charged in Count Four. As a reminder, those elements are:

*First*, that on or about the date charged, the defendant knowingly used physical force or the threat of physical force against another person, or attempted to do so; and

*Second*, that the defendant acted knowingly and with the intent to hinder, to influence, delay, or prevent) the testimony of another individual in an official federal proceeding.

> Adapted from the charge of the Honorable Jed S. Rakoff in *United States v. Whitman*, 12 Cr. 125 (JSR) and in *United States v. Naranjo et al.*, 13 Cr. 351 (JSR); the charge of the Honorable Cathy Seibel in *United States v. Boria, et al.*, 16 Cr. 478; the charge of the Honorable William H. Pauley III in *United States v. Davis, et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. Apr. 30, 2010) and the Honorable Leonard B. Sand in *United States v. Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); *see also* Sand, *Modern Federal Jury Instructions* 46-52, 46-53.

23

**Request No. 11          Counts Two, Three, and Five—Aiding and Abetting**

The defendant also is charged with aiding and abetting the commission of the offenses charged in Counts Two, Three, and Five. The defendant therefore can be convicted of these offenses either if he committed the crimes himself, or if another person committed the crimes and the defendant aided and abetted that person to commit the crimes.  In other words, it is not necessary for the Government to show that the defendant himself physically committed the crimes charged in Counts Two, Three, and Five in order for you to find him guilty. This is because a person who aids, abets, counsels, commands, induces, or procures the commission of a crime is just as guilty of that offense as if he committed it himself.

Accordingly, you may find the defendant guilty of the offenses charged in Count Two, Three, and Five if you find beyond a reasonable doubt that the Government has proven that another person actually committed the offenses with which the defendant is charged, and that the defendant aided, abetted, counseled, commanded, induced, or procured that person to commit the crimes.

To aid or abet another to commit a crime, it is necessary that the Government prove beyond a reasonable doubt that a defendant willfully and knowingly associated himself in some way with the crime committed by the other person and willfully and knowingly sought by some act to help the crime succeed.

However, let me caution you that the mere presence of the defendant where a crime is being committed, even when coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime, is not sufficient to make the defendant guilty under this approach of aiding and abetting.  The defendant would be guilty under

24

this approach of aiding and abetting only if, in addition to knowing of the criminal activity, he actually took actions intended to help it succeed.

An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

1.      Did he participate in the crime charged as something he wished to bring about?

2.      Did he knowingly associate himself with the criminal venture?

3.      Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty under that theory.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Raji*, 19 Cr. 870 (JMF) (S.D.N.Y. 2022); the Hon. Jesse M. Furman, Jury Charge, *United States v. Blondet, et. al*, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).

**Request No. 12        Variance in Dates**

The Indictment alleges that certain acts occurred on or about various dates.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.  The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

> Adapted from the Hon. Edward Weinfeld, Jury Charge, *United States v. Della Rocca*, 72 Cr. 217 (EW) (S.D.N.Y. 1972); the Hon. Richard J. Sullivan, Jury Charge, *United States v. Awuley*, 13 Cr. 875 (RJS), Sand, *Modern Federal Jury Instructions*, Instr. 3-12.

26

**Request No. 13          Venue**

In addition to considering the elements of the offenses I have described for you, you must decide with respect to each count whether venue is proper in this District. I instruct you that the Southern District of New York includes all of Manhattan, the Bronx, Westchester, Sullivan, Rockland, Putnam, Dutchess and Orange Counties, and all the waters surrounding Manhattan, Brooklyn, and Staten Island, the air above those waters and the bridges over those waters.

For Counts One through Three, Congress has determined that acts begun or committed outside the territorial jurisdiction of the United States are chargeable under the statutes in the Indictment. Therefore, for those counts, the Government need not prove that the crime was committed in this District or that the defendant himself was present here. Instead, it is enough if you find that the point of entry where the defendant was first brought into the United States was in the Southern District of New York. Here, the parties have stipulated that, following his arrest in Estonia, the defendant was transported to the United States where he was first brought to the Westchester County Airport, which is located in the Southern District of New York.

With respect to Counts Four and Five, you must consider whether any act in furtherance of the unlawful activity occurred within the Southern District of New York. I further instruct you that any action in the Southern District of New York, or any communication into or out of the Southern District of New York, can establish venue so long as the action furthers the charged conduct.

On this issue, and this issue alone, the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence. The Government has satisfied its

27

burden on this issue if you conclude that it is more likely than not that venue exists.  But I remind

you that the Government must prove all other elements of the offenses beyond a reasonable doubt.

> Adapted from the Hon. Paul A. Crotty, Jury Charge, *United States v. Flores, et al.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2016) (narcotics importation conspiracy); the Hon. Jed S. Rakoff, Jury Charge, *United States v. Henareh*, 11 Cr. 93 (JSR) (S.D.N.Y. 2012) (same); the Hon. Sidney H. Stein, Jury Charge, *United States v. Herbert,* 03 Cr. 211 (SHS) (S.D.N.Y. 2004) (same); the Hon. Naomi Reice Buchwald, Jury Charge, *United States v. Hertular,* S2 04 Cr. 009 (NRB) (S.D.N.Y. 2006) (same); the Hon. Charles S. Haight, Jr., Jury Charge, *United States v. Rogers,* 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud); the Hon. Alvin K. Hellerstein, Jury Charge, *United States v. Kloszewski*, No. S5 16 Cr. 200 (AKH) (S.D.N.Y. 2017); Hon. Richard J. Sullivan, Jury Charge, *United States v. Merlino,* No. S44 16 Cr. 522 (RJS) (S.D.N.Y. 2018); *see also United States v. Rommy*, 506 F.3d 108, 119–20 (2d Cir. 2007); *United States v. Liu*, 515 F. App'x 49, 51 (2d Cir. 2013); Sand, *Modern Federal Jury Instructions,* Instr. 3-11; *see* 18 U.S.C. § 3238 (general venue provision for offenses begun or occurring outside the United States); *see also United States v. Gonzalez,* 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

28

**Request No. 14        Defendant's Testimony (If Applicable)**

The defendant in a criminal case does not have a duty to testify or come forward with any evidence.  Under our Constitution, the defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.

In this case, the defendant did testify and was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Dupigny*, 18 Cr. 528 (JMF) (S.D.N.Y. 2020); *see United States v. Brutus*, 505 F.3d 80, 87-88 (2d Cir. 2007) (discussing appropriate charges when the defendant testifies).

29

**Request No. 15          Defendant's Right Not to Testify (If Requested by the Defendant)**

The defendant did not testify in this case.  Under our Constitution, the defendant has no obligation to testify or to present any evidence because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Avenatti*, 19 Cr. 374 (JMF) (S.D.N.Y. 2022); Sand, *Modern Federal Jury Instructions*, Instr. 5-21; the Hon. Paul A. Engelmayer, Jury Charge, *United States v. Fernandez*, 13 Cr. 20 (PAE) (S.D.N.Y. 2013).

**Request No. 16        Uncalled Witnesses: Equally Available to Both Sides**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on the defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021); the Hon. Jesse M. Furman, Jury Charge, *United States v. Avenatti*, 19 Cr. 374 (JMF) (S.D.N.Y. 2022); Sand, *Modern Federal Jury Instructions*, Instr. 6-7.

31

**Request No. 17        Persons Not On Trial**

Some of the people who may have been involved in events leading to this trial are not on trial. There is no requirement that all members of a conspiracy charged are prosecuted or tried together in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person other than the defendant is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021); the Hon. Jesse M. Furman, Jury Charge, *United States v. Avenatti*, 19 Cr. 374 (JMF) (S.D.N.Y. 2022).

**Request No. 18        Use of Evidence Obtained at Time of Arrest**

You have heard testimony that when law enforcement officers apprehended the defendant, they seized evidence from the defendant.  The evidence allegedly obtained at the time of the arrest was properly admitted in this case and may properly be considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations.

Therefore, regardless of your personal opinions, you may give this evidence full consideration, along with all the other evidence in the case, in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

> Adapted from the Hon. Pierre N. Leval, Jury Charge, *United States v. Ogando*, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), and *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

**Request No. 19          Use of Evidence Obtained Pursuant to Searches**

You have heard evidence that law enforcement officials recovered certain evidence during certain searches.  This evidence was properly admitted in this case and may properly be considered by you.

Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021); the Hon. Jesse M. Furman, Jury Charge, *United States v. Avenatti*, 19 Cr. 374 (JMF) (S.D.N.Y. 2022); the Hon. Paul A. Crotty, Jury Charge, *United States v. Lopez Jr.*, *et al.*, 10 Cr. 798 (PAC) (S.D.N.Y. 2011); the Hon. Paul A. Engelmayer, Jury Charge, *United States v. Fernandez*, 13 Cr. 20 (PAE) (S.D.N.Y. 2013); the Hon. Vincent L. Briccetti, Jury Charge, *United States v. Wilson*, 10 Cr. 233 (VB) (S.D.N.Y. 2011).

**Request No. 20          Use of Video and Audio Recordings and Transcripts**

Video and audio recordings of various foreign-language conversations have been admitted into evidence, and the transcripts of English-language translations of those foreign-language recordings have been admitted into evidence.  I instruct you that it is the English translation of the conversations reflected on those transcripts that is the evidence.  Whether you approve or disapprove of the recording or interception of those conversations may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner, that no one's rights were violated, that the Government's use of this evidence is entirely lawful, and that it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.  Of course, it is for you to decide what weight, if any, to give to this evidence.

If you wish to hear any of the recordings again, or see any of the English-language transcripts of the foreign-language recordings, they will be made available to you during your deliberations.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Blondet, et. al*, 16 Cr. 387 (JMF) (S.D.N.Y. 2022); the Hon. Jesse M. Furman, Jury Charge, *United States v. Abreu¸* 21 Cr. 300 (JMF) (S.D.N.Y. 2022); the Hon. Richard J. Sullivan, Jury Charge, *United States v. Phillips*, 13 Cr. 723 (RJS) (S.D.N.Y. 2014); the Hon. Paul A. Engelmayer, Jury Charge, *United States v. Martinez*, 13 Cr. 699 (PAE) (S.D.N.Y. 2014).

**Request No. 21        Redaction of Evidentiary Items (If Applicable)**

We have, among the exhibits received in evidence, some materials that are redacted. "Redacted" means that part of the document or other item was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021); the Hon. Jesse M. Furman, Jury Charge, *United States v. Avenatti*, 19 Cr. 374 (JMF) (S.D.N.Y. 2022).

**Request No. 22          Stipulations of Testimony (If Applicable)**

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation

of testimony is an agreement between the parties that, if called as a witness, the person would have

given certain testimony.  You must accept as true the fact that the witness would have given that

testimony.  However, it is for you to determine the effect to be given that testimony.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-7;
> the Hon Jesse M. Furman, Jury Charge, *United States v. Ansah*, 19
> Cr. 752 (JMF) (S.D.N.Y. 2021); the Hon. Jesse M. Furman, Jury
> Charge, *United States v. Avenatti*, 19 Cr. 374 (JMF) (S.D.N.Y.
> 2022).

**Request No. 23**        **Stipulations of Fact (If Applicable)**

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation

of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed-

upon facts as true.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-6;
> the Hon Jesse M. Furman, Jury Charge, *United States v. Ansah*, 19
> Cr. 752 (JMF) (S.D.N.Y. 2021); the Hon. Jesse M. Furman, Jury
> Charge, *United States v. Avenatti*, 19 Cr. 374 (JMF) (S.D.N.Y.
> 2022).

**Request No. 24          Similar Acts (If Applicable)**

You have heard evidence that on [a] prior occasion[s], the defendant engaged in conduct similar in nature to the conduct charged in the Indictment. Let me remind you that the defendant is only on trial for committing the acts alleged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. This evidence was admitted for a more limited purpose, and you may consider it for that purpose only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

Additionally, if you find that the defendant engaged in similar acts with other persons alleged to be members of the conspiracy charged in the Indictment, you may consider those acts in deciding whether the conspiracy existed. If you find that the defendant engaged in the earlier acts, and if you find that the earlier acts had sufficiently similar characteristics to those charged in the Indictment, then you may, but you need not, infer that the acts charged in this Indictment and the earlier conduct were part of a common plan or scheme committed by the defendant.

Nevertheless, the evidence of similar conduct is to be considered by you only on the issues I have just mentioned, and not on any other issues. You may not consider such evidence for any

39

other purpose.  Specifically, you may not consider it as evidence that the defendant is of bad

character or has a propensity to commit crime.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-25, 5-26; the Hon Jesse M. Furman, Jury Charge, *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021); the Hon. Jesse M. Furman, Jury Charge, *United States v. Raji*, 19 Cr. 870 (JMF) (S.D.N.Y. 2022).

**Request No. 25**        **Particular Investigative Techniques Not Required (If Applicable)**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities.  There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented, you need not speculate as to why law enforcement used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021); the Hon. Jesse M. Furman, Jury Charge, *United States v. Avenatti*, 19 Cr. 374 (JMF) (S.D.N.Y. 2022); the Hon. Denise L. Cote, Jury Charge, *United States v. Morales*, 11 Cr. 29 (DLC) (S.D.N.Y. 2011); the Hon. Laura Taylor Swain, Jury Charge, *United States v. Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010).

**Request No. 26**     **Law Enforcement and Government Employee Witnesses**

You have heard the testimony of law enforcement witnesses.  The fact that a witness may be employed as a law enforcement official or employee does not mean that her or his testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

It is your decision, after receiving all of the evidence, whether to accept the testimony of the law enforcement witnesses, and to give that testimony whatever weight, if any, you find it deserves.

> Adapted from the Hon. Naomi R. Buchwald, Jury Charge, *United States v. Peter*, 17 Cr. 54 (NRB) (S.D.N.Y. 2018); the Hon. Richard J. Sullivan, Jury Charge, *United States v. Sepulveda*, 18 Cr. 363 (RJS) (S.D.N.Y. 2019).

**Request No. 27          Use of Undercover Agents and Informants**

You have heard testimony from undercover agent(s) and/or informant(s) who were employed by the Government to investigate the defendant.

Sometimes the Government uses undercover agents and informants who may conceal their true identities in order to investigate suspected violations of the law.  There is nothing improper or illegal with the Government using these techniques.  Indeed, certain types of evidence would be extremely difficult to detect without the use of undercover agents and informants.

Whether or not you approve of the use of an informant or undercover agent to detect unlawful activities is not to enter into your deliberations in any way.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-23.

**Request No. 28        Inferences**

During the trial you have heard the attorneys use the term "inference" or "infer." In their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a logical factual conclusion that you might reasonably view from other facts that have been proven. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

There are occasions when particular established facts, whether proved circumstantially or directly, might yield an inference in one direction or in the opposite direction. The Government might ask you to draw one inference. The defendant may say, well, the same facts point in the opposite direction, and you should draw the other inference. You are the ones who make up your mind about what, if any, inferences to draw, nobody else; not me, not the lawyers.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict him.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Avenatti*, 19 Cr. 374 (JMF) (S.D.N.Y. 2022); the Hon. Lewis A. Kaplan, Jury Charge, *United States v. Abu Ghayth*, S13 98 Cr. 1023 (LAK) (S.D.N.Y 2014); Sand, *Modern Federal Jury Instructions*, Instr. 6-1.

44

**Request No. 29        Preparation of Witnesses**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  Indeed, it would be unusual and surprising for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021); the Hon. Jesse M. Furman, Jury Charge, *United States v. Avenatti*, 19 Cr. 374 (JMF) (S.D.N.Y. 2022).

**Request No. 30        Charts and Summaries (If Applicable)**

The Government [and/or the defense] has presented exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-12.

**Request No. 31        Expert Testimony (If Applicable)**

You have heard testimony from what we call expert witness(es).  An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in a specialized field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing reliance on his or her testimony.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 7-21;
> the Hon. Jesse M. Furman, Jury Charge, *United States v. Blondet,*
> *et. al*, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).

**Request No. 32          Character Witnesses (If Applicable)**

There has been testimony that the defendant _____ *[the Court is respectfully requested to briefly summarize the testimony, such as: has a good reputation for honesty and integrity in the community]*.  This testimony bears on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense, and you should not acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of the defendant.  The guilt or innocence of the defendant is for you alone to determine and that should be based on all the evidence you have heard in the case.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-15; the Hon. Jesse M. Furman, Jury Charge, *United States v. Kaufman*, 13 Cr. 411 (JMF) (S.D.N.Y. 2013)*; see United States v. Pujana-Mena*, 949 F.2d 24, 27-32 (2d Cir. 1991) (defendant not entitled to a charge that character evidence "standing alone" is enough for acquittal).

**Request No. 33**      **Improper Considerations: Race, Religion, National Origin, Sex, or Age**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. In reaching your decision as to whether the Government sustained its burden of proof, it would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, national origin, religious beliefs, sex or age. All persons are entitled to the same presumption of innocence and the Government has the same burden of proof with respect to all persons.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021); the Hon. Jesse M. Furman, Jury Charge, *United States v. Avenatti*, 19 Cr. 374 (JMF) (S.D.N.Y. 2022); Sand, *Modern Federal Jury Instructions*, Instr. 2-11.

**Request No. 34**                    **Conclusion**

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say it: You should treat each other with courtesy and respect during your deliberations. All litigants stand equal in this room. All litigants stand equal before the bar of justice. All litigants stand equal before you. Your duty is to decide between these parties fairly and impartially and to see that justice is done.  Under your oath as jurors, you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard for the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or the lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. You must make a fair and impartial decision so that you will arrive at the just verdict.


Date:   New York, New York
        July 15, 2024


                                        Respectfully Submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney for the
                                        Southern District of New York


                        By:    _____/s/_____
                                        Sam Adelsberg
                                        Nicholas S. Bradley
                                        Kimberly J. Ravener
                                        Assistant United States Attorneys
                                        (212) 637-2494 / -1581 / -2358