UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>HAJI ABDUL SATAR ABDUL MANAF,<br>a/k/a "Haji Abdul Sattar Barakzai,"<br><br>Defendant. | S1 18 Cr. 762 (JSR) |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Arlo Devlin-Brown
Amanda Kramer
Lelia A. Ledain
**COVINGTON & BURLING LLP**
620 Eighth Avenue
New York, NY 10018
adevlin-brown@cov.com
akramer@cov.com
lledain@cov.com
(212) 841-1000

*Counsel for Haji Abdul Satar Abdul Manaf*

**REQUEST NO. 1**

**GENERAL INSTRUCTIONS**

Mr. Manaf respectfully requests that the Court give its usual instructions to the jury on the following matters:

1.  Duty of the Court
2.  Duty of the Jury
3.  Duty of Impartiality
4.  Burden of Proof & Presumption of Innocence
5.  Reasonable Doubt
6.  Direct and Circumstantial Evidence
7.  Witness Credibility
8.  A Defendant's Right Not to Testify / Defendant's Right to Testify
9.  Selection of Foreperson
10. Right to See Exhibits and Hear Testimony
11. Communications with the Court
12. Verdict
13. Need for Unanimity
14. Duty to Consult

## REQUEST NO. 2
## USE OF AN INTERPRETER

You have heard testimony from witnesses who communicated through an interpreter and may have observed that Mr. Manaf also used the services of an interpreter during this trial. The interpreters are provided by the Court and are neutral participants in this case. You should not be biased for or against anyone who uses an interpreter. Do not permit the fact that a witness or Mr. Manaf is using the services of an interpreter to influence you in any way.[1]

---

[1] Adapted from: *United States v. Hossain*, 19-cr-606, Dkt. 168 (S.D.N.Y. 2021); *United States v. Trabelsi*, No. 1:06-cr-00089 (RDM), Dkt. 647 (D.D.C. July 7, 2023); *United States v. Bagcho*, No. 1:06-cr-00334 (ESH), Dkt. 57 (D.D.C. Nov. 10, 2011).

**REQUEST NO. 3**

**FOREIGN LANGUAGE RECORDINGS AND TRANSCRIPTS**

During this trial, you have observed typewritten transcripts of translations from Pashto and Dari into English that could be heard on the audio and video recordings received into evidence. I have admitted the transcripts for the purpose of aiding you in following the content of the conversations as you listened to the audio and video recordings—which were spoken into Pashto and Dari—and also to aid you in identifying the speakers. The transcripts have been certified by an interpreter.

While in a case involving recorded English conversations, the jury is routinely instructed that they are not bound by the transcript, that is because every juror is just as capable as the person preparing the transcript to tell what is being said on the recording. That is not so with the recorded Pashto and Dari conversations that have been introduced in this case. Accordingly, I am now instructing you that the transcripts are guides prepared for you so that you can understand the Pashto and Dari language recordings.[2]

---

[2] Adapted from: *United States v. Bagcho*, No. 1:06-cr-00334 (ESH), Dkt. 57 (D.D.C. Nov. 10, 2011); *United States v. Blondet*, No. 1:16-cr-000 387 (JMF) (S.D.N.Y. 2022).

**<u>REQUEST NO. 4</u>**

**<u>LAW ENFORCEMENT WITNESSES</u>**

**<u>[*If Applicable*]</u>**

You have heard the testimony of a witness who was a law enforcement officer during the events at issue in this trial.  The fact that a witness may be employed by the federal government as a law enforcement official or government agent does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.[3]

---

[3] Adapted from: Sand, 1 Modern Federal Jury Instructions-Criminal ¶ 7.01.

**REQUEST NO. 5**

**EXPERT WITNESSES**

**[*If Applicable*]**

Certain witnesses were offered as experts and permitted to express their opinions about matters that are in issue. Ordinarily, a witness may not testify as to his or her opinions or conclusions. There is an exception for expert witnesses, who are allowed to give opinions, and the reasons for them, because they have become an experienced and knowledgeable in their field. Such testimony can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much or as little weight as you think it fairly deserves.[4]

---

[4] Adapted from: Sand, 1 Modern Federal Jury Instructions-Criminal P 7.01; *United States v. Trabelsi*, No. 1:06-cr-00089 (RDM), Dkt. 647 (D.D.C. July 7, 2023); *United States v. Bagcho*, No. 1:06-cr-00334 (ESH), Dkt. 57 (D.D.C. Nov. 10, 2011).

**REQUEST NO. 6**

**OTHER ACTS EVIDENCE – LIMITING INSTRUCTION**

**[*If Applicable*]**

The government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar to the charges in the indictment.  Specifically, the government has offered evidence of the defendant's (a) 2012 placement on the U.S. Department of Treasury's Office of Foreign Assets list of "Specially Designated Nationals and Blocked Persons" in connection with uncharged, alleged money exchange services; [and/or] (b) statements related to prior activity in Pakistan, Tanzania, Iran, Mozambique, and Indonesia in connection with uncharged, alleged trafficking of narcotics.]

Regarding that evidence, let me remind you that the defendant is not on trial for committing any acts not alleged in the indictment, and any violations of law that may or may not be associated with those acts are not violations of the law charged in this case.  Accordingly, you may not consider this evidence of other similar acts as a substitute for proof that the defendant committed the crime charged.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.

The evidence of other similar acts was admitted for a much more limited purpose, and you may consider it only for that limited purpose.  Thus, if you determine that the defendant committed the acts charged in the indictment and the other similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the indictment, the defendant acted knowingly and intentionally, and not because of some mistake, accident or other innocent reasons. Evidence of similar acts may not be considered by you for any other purpose.  Specifically, you

7

may not use this evidence to conclude that because the defendant committed the other similar acts, he must also have committed the acts charged in the indictment.[5]

---

[5] Adapted from: Sand, 1 Modern Federal Jury Instructions—Criminal ¶ 5.10; *United States v. Trabelsi*, No. 1:06-cr-00089 (RDM), Dkt. 647 (D.D.C. July 7, 2023); *United States v. Bagcho*, No. 1:06-cr-00334 (ESH), Dkt. 57 (D.D.C. Nov. 10, 2011).

**REQUEST NO. 7**

**SUMMARY OF CHARGES**

With these preliminary instructions in mind, let us now turn to the five charges against Mr. Manaf.

Count One charges Mr. Manaf with intentionally and knowingly attempting to distribute one kilogram and more of mixtures and substances containing a detectable amount of heroin, intending, knowing, or having reasonable cause to believe that such substance would be unlawfully imported into the United States.

Count Two charges Mr. Manaf with the manufacture, distribution, and possession with intent to manufacture and distribute, of one kilogram and more of mixtures and substances containing a detectable amount of heroin with intent to provide something of pecuniary value to an organization that has engaged or engages in terrorist activity, specifically the Taliban.

Count Three charges Mr. Manaf with attempting the manufacture, distribution, and possession with intent to manufacture and distribute, of one kilogram and more of mixtures and substances containing a detectable amount of heroin with intent to provide something of pecuniary value to an organization that has engaged or engages in terrorist activity, specifically the Haqqani Network.

Count Four charges Mr. Manaf with conspiring to use physical force and the threat of physical force against another person with the intent to influence, delay, and prevent the testimony of a person in an official proceeding, and to cause and induce a person to withhold testimony from an official proceeding.

Count Five charges Mr. Manaf with knowingly using and attempting to use physical force and the threat of physical force against another person with the intent to influence, delay, and

9

prevent the testimony of a person in an official proceeding, and to cause and induce a person to withhold testimony from an official proceeding.

Each of the charges is different and must be considered on its own terms.  Let us, therefore, discuss each of the counts separately.[6]

---

[6] Adapted from: *United States v. Encarnacion*, No. 1:13-cr-00030 (JSR), Dkt. 160 (S.D.N.Y. Dec. 11, 2014).

## REQUEST NO. 8

### COUNT ONE – ATTEMPTED NARCOTICS IMPORTATION

**[Title 21, United States Code, Sections 963, 959(a), and 959(d)]**

In order to prove Count One, the government must establish beyond a reasonable doubt each of the following two elements:

*First*, that the defendant attempted to commit the crime of intentionally and knowingly distributing one kilogram and more of mixtures and substances containing a detectable amount of heroin; and

*Second*, that the defendant did so intending, knowing, or having reasonable cause to believe that such substance would be unlawfully imported into the United States.[7]

---

[7] Adapted from: Sand, 1 Modern Federal Jury Instructions-Criminal ¶ 10.01; Sand, 3 Modern Federal Jury Instructions-Criminal ¶ 56.05; *United States v. Garavito-Garcia*, No. 12 CR 839 (JSR), Dkt. 89 (S.D.N.Y. Apr. 24, 2015); *United States v. Benavidez*, No. 1:16-cr-20575 (RNS), Dkt. 437 (S.D. Fla. Oct. 8, 2019).

**REQUEST NO. 9**

**FIRST ELEMENT – ATTEMPTED NARCOTICS IMPORTATION**

To satisfy the first element of Count One, the defendant must have taken some act that was a substantial step in an effort to bring about or accomplish the charged crime.  Mere intention to commit a specific crime does not amount to an attempt.  In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other.  Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt.  The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

Here, the government must prove beyond a reasonable doubt that the defendant attempted to distribute a substance containing a detectable amount of heroin.  To do so, the government must also beyond a reasonable doubt that the material in question was heroin, which, under the law, is a controlled substance.  In doing so, you may consider all evidence that may help you, including exhibits and nonexpert and expert testimony.  "Distribution" includes delivering, passing or handing over one kilogram or more of mixtures and substances containing a detectable amount of

heroin to another person or causing it to be delivered, passed on or handed over to another person. Distribution does not require a sale.

If you find beyond a reasonable doubt that the defendant attempted to distribute heroin, you should go on to determine beyond a reasonable doubt whether the attempted distribution involved one kilogram or more of mixtures and substances containing a detectable amount of heroin. The government is not required to prove that the defendant knew the precise type of controlled substance that was distributed. The government must prove beyond a reasonable doubt, however, that the defendant knew that he attempted to distribute some type of controlled substance.

You are instructed that to "intend" means to act deliberately and with a bad purpose rather than innocently.

To "know" means to act consciously and voluntarily rather than by mistake, or accident or mere inadvertence.[8]

---

[8] Adapted from: Sand, 1 Modern Federal Jury Instructions-Criminal ¶ 10.01; Sand, 3 Modern Federal Jury Instructions-Criminal ¶ 56.05; *United States v. Garavito-Garcia*, No. 12 CR 839 (JSR), Dkt. 89 (S.D.N.Y. Apr. 24, 2015); *United States v. Benavidez*, No. 1:16-cr-20575 (RNS), Dkt. 437 (S.D. Fla. Oct. 8, 2019); *United States v. Bagcho*, No. 1:06-cr-00334 (ESH), Dkt. 57 (D.D.C. Nov. 10, 2011); *United States v. Mohammed*, No. 1:06-cr-00357 (CKK), Dkt. 105 (D.D.C. Apr. 13, 2009).

**REQUEST NO. 10**

**SECOND ELEMENT – ATTEMPTED NARCOTICS IMPORTATION**

To satisfy the second element of Count One, you are instructed that the terms "knowledge" and "intent" takes on the same meaning as I just described to you.

To have "reasonable cause to believe" means to know facts that would lead a reasonable person to conclude that such conduct would later occur.

"Unlawfully," means contrary to law. But in terms of its application to the defendant's state of mind, the government is not required to show that the defendant knew that he was breaking any particular law. The government must prove, however, that the defendant was aware of the generally unlawful nature of his acts.

To "import" means to bring in or introduce any article into any area.[9]

---

[9] Adapted from: Sand, 1 Modern Federal Jury Instructions-Criminal ¶ 10.01; Sand, 3 Modern Federal Jury Instructions-Criminal ¶ 56.05; *United States v. Garavito-Garcia*, No. 12 CR 839 (JSR), Dkt. 89 (S.D.N.Y. Apr. 24, 2015); *United States v. Benavidez*, No. 1:16-cr-20575 (RNS), Dkt. 437 (S.D. Fla. Oct. 8, 2019).

**REQUEST NO. 11**

**COUNT TWO – NARCOTERRORISM: TALIBAN**

**[Title 21, United States Code, Sections 960a and 959(d)]**

In order to prove Count Two, the government must establish beyond a reasonable doubt each of the following four elements:

*First*, that the defendant knowingly manufactured, distributed, and possessed with intent to manufacture and distribute, one kilogram or more of mixtures and substances containing a detectable amount of heroin;

*Second*, that the defendant knew and intended to provide something of pecuniary value, either directly or indirectly, to a person or organization that engages or has engaged in terrorism or terrorist activities;

*Third,* that the defendant did so knowing that the intended recipient person or organization engages or has engaged in terrorism or terrorist activities; and

*Fourth*, that the recipient person or organization has, in fact, engaged or engages in terrorism or terrorist activities.[10]

---

[10] Adapted from Sand, 3 Modern Federal Jury Instructions – Criminal ¶ 56.08; *United States v. Garavito-Garcia*, No. 12 CR 839 (JSR), Dkt. 89 (S.D.N.Y. Apr. 24, 2015); *United States v. Bagcho*, No. 1:06-cr-00334 (ESH), Dkt. 57 (D.D.C. Nov. 10, 2011); *United States v. Mohammed*, No. 1:06-cr-00357 (CKK), Dkt. 105 (D.D.C. Apr. 13, 2009); *In re Sealed Case*, 936 F.3d 582, 587 n.3 (D.C. Cir. 2019).

**REQUEST NO. 12**

**FIRST ELEMENT– NARCOTERRORISM: TALIBAN**

To satisfy the first element of Count Two, the government must prove beyond a reasonable doubt that the material in question was heroin, which, under the law, is a controlled substance. In doing so, you may consider all evidence that may help you, including exhibits and nonexpert and expert testimony.

The government must also prove beyond a reasonable doubt that the defendant manufactured, distributed, or possessed with intent to manufacture or distribute a substance containing a detectable amount of heroin.

In this regard, "manufacture" means to produce, prepare, or process, or to engage or participate in a process that results in production. You are also instructed that the term "distribution" takes on the same meaning as I described to you in Count One.

The legal concept of "possession" may differ from the everyday usage of the term, so I will explain it in some detail. Actual possession is what most of us think of as possession; that is having physical custody or control of an object. However, a person need not have actual physical custody of an object in order to be in legal possession of it. If an individual has the ability and intent to exercise substantial control over an object that he does not have in his physical custody, then he is in possession of that item.

The law also recognizes that possession may be sole or joint. If one person alone possesses something, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control. This is called joint possession.

Possession of heroin cannot be found solely on the ground that the defendant was near or close to the heroin. Nor can it be found simply because the defendant was present at a scene where

16

heroin was involved, or solely because the defendant associated with a person who did control the heroin or the property where it was found.  However, these factors may be considered by you, in connection with all other evidence, in making your decision whether the defendant possessed the heroin.

If you find beyond a reasonable doubt that the defendant manufactured, distributed, or possessed with intent to distribute heroin, you should go on to determine beyond a reasonable doubt whether the manufacture, distribution, or possession with intent to distribute involved one kilogram or more of mixtures and substances containing a detectable amount of heroin.  The government is not required to prove that the defendant knew the precise type of controlled substance that was distributed.  The government must prove beyond a reasonable doubt, however, that the defendant knew that he manufactured, distributed, or possessed with intent to distribute some type of controlled substance.

In this regard, you are instructed that the terms "knowledge" and "intent" take on the same meanings as I described to you in Count One.[11]

---

[11] Adapted from Sand, 3 Modern Federal Jury Instructions – Criminal ¶¶ 56.01, 08; *United States v. Garavito-Garcia*, No. 12 CR 839 (JSR), Dkt. 89 (S.D.N.Y. Apr. 24, 2015); *United States v. Flores*, No. 1:15-cr-00765 (PAC), Dkt. 155 (S.D.N.Y. Dec. 6, 2016) United *States v. Bagcho*, No. 1:06-cr-00334 (ESH), Dkt. 57 (D.D.C. Nov. 10, 2011); *United States v. Mohammed*, No. 1:06-cr-00357 (CKK), Dkt. 105 (D.D.C. Apr. 13, 2009); *In re Sealed Case*, 936 F.3d 582, 587 n.3 (D.C. Cir. 2019).

**REQUEST NO. 13**

**ELEMENTS TWO THROUGH FOUR – NARCOTERRORISM: TALIBAN**

To satisfy elements two through four of Count Two, the government must prove beyond a reasonable that the defendant knew and intended to provide something of pecuniary value, either directly or indirectly, to a person or organization that engages or has engaged in terrorism or terrorist activities. The government must also prove beyond a reasonable doubt that the defendant did so knowing that the intended recipient person or organization engages or has engaged in terrorism or terrorist activities, and that the intended recipient person or organization has, in fact, engaged or engages in terrorism or terrorist activities.

You are instructed that the term "something of pecuniary value" means something of monetary or economic value, such as money or drugs.

"Terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.

"Terrorist activity" includes the use of explosive, firearms, or other dangerous weapons with the intent to endanger the safety of one or more persons or to cause substantial damage to property.

Finally, you are instructed that the terms "knowledge" and "intent" take on the same meanings as I described to you in Count One.[12]

---

[12] Adapted from Sand, 3 Modern Federal Jury Instructions – Criminal ¶ 56.08; *United States v. Garavito-Garcia*, No. 12 CR 839 (JSR), Dkt. 89 (S.D.N.Y. Apr. 24, 2015); *United States v. Bagcho*, No. 1:06-cr-00334 (ESH), Dkt. 57 (D.D.C. Nov. 10, 2011); *United States v. Mohammed*, No. 1:06-cr-00357 (CKK), Dkt. 105 (D.D.C. Apr. 13, 2009); *In re Sealed Case*, 936 F.3d 582, 587 n.3 (D.C. Cir. 2019).

**REQUEST NO. 14**

**COUNT THREE – ATTEMPTED NARCOTERRORISM: HAQQANI NETWORK**

**[Title 21, United States Code, Sections 960a and 959(d)]**

In order to prove Count Three, the government must establish beyond a reasonable doubt each of the four elements in Count Two as I just described.

In addition, the government must establish beyond a reasonable doubt that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime. You are instructed that the term "substantial step" takes on the same meaning as described to you in Count One.[13]

---

[13] Adapted from: Sand, 1 Modern Federal Jury Instructions–Criminal ¶ 10.01 (citing *United States v. Williams,* 943 F.3d 606 (2d Cir. 2019); *United States v. Anderson*, 747 F.3d 51 (2d Cir. 2014); *United States v. Yousef*, 327 F.3d 56 (2d Cir. 2003)).

19

**REQUEST NO. 15**

**COUNT FIVE – WITNESS TAMPERING**

**[Title 18, United States Code, Sections 1512(a)(2) and 1512(h)]**

In order to prove Count Five, the government must establish beyond a reasonable doubt each of the following two elements:

*First*, that the defendant knowingly used physical force or the threat of physical force against witnesses, or attempted to do so; and

*Second*, the defendant acted knowingly and with the intent to influence, delay, or prevent the testimony of witnesses, or caused or induced witnesses to withhold testimony from an official proceeding.

With respect to the first element, a "threat" is a statement that expresses an intention to inflict bodily injury at once or in the near future.  A threat can be conditional, that is, a threat to inflict bodily harm if the listener does not take some action. To determine whether a communication is a threat, you should ask whether an ordinary, reasonable recipient who is familiar with the context of the communication would view it as such.  For context, you should consider the circumstances under which the statement was made, the surrounding conversation, the language used, and the reaction of those who heard or read the statement.  A person who informs someone that he or she is in danger from a third party has not made a threat, even if the statement produces fear in the listener.

Finally, with respect to both elements, you are instructed that the terms "knowledge" and "intent" take on the same meanings as I described to you in Count One.[14]

---

[14] Adapted from: Sand, 2 Modern Federal Jury Instructions-Criminal ¶ 46.08; *United States v. Encarnacion*, No. 1:13-cr-00030 (JSR), Dkt. 160 (S.D.N.Y. Dec. 11, 2014).

**REQUEST NO. 16**

**COUNT FOUR – CONSPIRACY TO COMMIT WITNESS TAMPERING**

**[Title 18, United States Code, Sections 1512(a)(2), 1512(h), 1512(k)]**

In order to prove Count Four, the government must establish beyond a reasonable doubt each of the following two elements:

*First*, that the charged conspiracy existed; and

*Second*, that the defendant unlawfully, intentionally, and knowingly joined and participated in the conspiracy during the applicable time period.[15]

---

[15] Adapted from: *United States v. Umeh*, No. 1:09-cr-00524 (JSR), Dkt. 92 (S.D.N.Y. Apr. 26, 2011); *United States v. Encarnacion*, No. 1:13-cr-00030 (JSR), Dkt. 160 (S.D.N.Y. Dec. 11, 2014); Sand, 2 Modern Federal Jury Instructions-Criminal ¶ 46.08.

**REQUEST NO. 17**

**FIRST ELEMENT – THE CONSPIRACY**

Starting with the first element—what is a conspiracy?  A conspiracy is an agreement or an understanding between two or more persons to accomplish by concerted action one or more unlawful purposes.  This agreement or understanding must be between individuals not operating under the direction of the Government at the time of the agreement.  In this instance, the conspiracy here is alleged to be an agreement to use physical force and the threat of physical force against another person with the intent to influence, delay, and prevent the testimony of a person in an official proceeding, and to cause and induce a person to withhold testimony from an official proceeding.

You are instructed that the terms, "intent" and "threat" take on the same meaning as described to you in Counts One and Five respectively.

Please bear in mind that conspiracy is an entirely distinct and separate offense from witness tampering I instructed you earlier in Count Five.  The actual commission of the object of the conspiracy is not an essential element of the crime of conspiracy.  Rather, the conspirators must have agreed to use physical force and the threat of physical force against another person with the intent to influence, delay, and prevent the testimony of a person in an official proceeding, or to cause and induce a person to withhold testimony from an official proceeding.

Although it is charged that the alleged conspiracy began around February 2019 and continued to around April 2019, it is not essential that the government prove that the conspiracy started and ended on those specific dates or that it existed throughout that period.  Rather, it is

sufficient to satisfy the first element if you find that in fact the charged conspiracy was formed and

that it existed for any time within the charged period set forth in the Indictment.[16]

---

[16] Adapted from: *United States v. Umeh*, No. 1:09-cr-00524 (JSR), Dkt. 92 (S.D.N.Y. Apr. 26, 2011); *United States v. Encarnacion*, No. 1:13-cr-00030 (JSR), Dkt. 160 (S.D.N.Y. Dec. 11, 2014).

## REQUEST NO. 18

## SECOND ELEMENT – PARTICIPATION IN THE CONSPIRACY

If you conclude that the government has proved beyond a reasonable doubt that the charged conspiracy existed, you must then consider whether it has also proved beyond a reasonable doubt the defendant unlawfully, intentionally, and knowingly participated in the conspiracy.

"Unlawfully," "intentionally," and "knowingly" take on the same meaning as I described to you in Count One.

If you find beyond a reasonable doubt that the defendant joined in the charged conspiracy and did so unlawfully, intentionally, and knowingly, then the second element is satisfied. In this regard, it is not necessary that the defendant be fully informed of all the details of the conspiracy in order to justify an inference of membership on his part. Nor does the defendant need to know the full extent of the conspiracy or all of its participants. Indeed, it is not necessary that the defendant know more than one other member of the conspiracy. Nor is it necessary that the defendant receive any monetary benefit from participating in the conspiracy.

What is necessary is proof beyond a reasonable doubt that the defendant intentionally joined in the conspiracy for the purpose of furthering its unlawful object, which was to use physical force and the threat of physical force against another person with the intent to influence, delay, and prevent the testimony of a person in an official proceeding, and to cause and induce a person to withhold testimony from an official proceeding.

The defendant also need not have joined the conspiracy at the outset. The defendant may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined, as well as all that was done during the conspiracy's existence while the defendant was a member. The law does not require that each conspirator have an equal role in the conspiracy.

24

Even a single act may be sufficient to draw a defendant within the ambit of a conspiracy if it meets the essential requirements I have described.

However, I want to caution you that mere association or discussions without agreement by one person with another person does not make that first person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place.  In other words, knowledge without participation is not sufficient. What is necessary is that the defendant, knowing the unlawful object, participated in some way in the conspiracy for the purpose of furthering that object.

In short, in order to satisfy the second essential element of the charged offense, you must find beyond a reasonable doubt that each defendant, with an understanding of the unlawful character of the charged conspiracy, intentionally joined and participated in the conspiracy for the purpose of furthering the unlawful object of use physical force and the threat of physical force against another person with the intent to influence, delay, and prevent the testimony of a person in an official proceeding, and to cause and induce a person to withhold testimony from an official proceeding.[17]

---

[17] Adapted from: *United States v. Umeh*, No. 1:09-cr-00524 (JSR), Dkt. 92 (S.D.N.Y. Apr. 26, 2011).

## REQUEST NO. 19

## VENUE

For all counts, the government must establish what is called "venue," that is, that some act pertaining to the charge occurred in the Southern District of New York.  The Southern District of New York is the judicial district that includes Manhattan, the Bronx, Westchester, several other counties to the north of Westchester, all of the waters that surround Manhattan, Brooklyn, Staten Island, and Long Island, the air above those waters, and the bridges over those waters.

Venue is proven if any act in furtherance of the crime you are considering occurred in the Southern District of New York, regardless of whether it was the act of the defendant or anyone else.  On the issue of venue—and on this issue alone—the government can meet its burden by a preponderance of the evidence, that is, by showing that it was more likely than not that an act in furtherance of a given crime occurred in the Southern District of New York.[18]

---

[18] Adapted from: *United States v. Encarnacion*, No. 1:13-cr-00030 (JSR), Dkt. 160 (S.D.N.Y. Dec. 11, 2014).

Dated: July 15, 2024
New York, NY

          /s/ Arlo Devlin-Brown
Arlo Devlin-Brown
Amanda Kramer
Lelia A. Ledain
**COVINGTON & BURLING LLP**
620 Eighth Avenue
New York, NY 10018
adevlin-brown@cov.com
akramer@cov.com
lledain@cov.com
(212) 841-1000

*Counsel for Haji Abdul Satar Abdul Manaf*

27