UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>HAJI ABDUL SATAR ABDUL MANAF,<br>a/k/a "Haji Abdul Sattar Barakzai,"<br><br>Defendant. | S1 18 Cr. 762 (JSR) |

**DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION**

Arlo Devlin-Brown
Amanda Kramer
Lelia A. Ledain
Dean Acheson
Matthew T. Nelson*
Jacob Stark
**COVINGTON & BURLING LLP**
620 Eighth Avenue
New York, NY 10018
adevlin-brown@cov.com
akramer@cov.com
lledain@cov.com
dacheson@cov.com
mnelson@cov.com
jstark@cov.com
(212) 841-1000

*\*Pro hac vice* motion pending

*Counsel for Haji Abdul Satar Abdul Manaf*

Before you begin to hear the evidence, I want to give you a brief overview of the charges in this case.  After you have heard all the evidence and the parties have made their closing arguments, I will give you detailed instructions of law that will displace this preliminary instruction and will govern your deliberations.

The defendant has been charged in an Indictment with certain federal crimes. The Indictment is not evidence.  Evidence comes from three places: testimony of witnesses; exhibits; and stipulations.  The Indictment simply contains the charges that the government must prove beyond a reasonable doubt.  The Indictment contains five counts that you will consider.

Count One charges the defendant with attempting to import at least one kilogram of heroin into the United States.  Counts Two and Three charge the defendant with narcotics trafficking offenses committed while intending to provide something of monetary or economic value to organizations engaged in terrorist activity.  Count Two charges the defendant with intentionally providing such payments to the Taliban, while Count Three charges the defendant with intentionally attempting to facilitate such payments to a faction of the Taliban called the Haqqani Network.  Counts Four and Five charge him with conspiring with, and aiding and abetting, others to use physical force or the threat of physical force in order to influence, delay, or prevent a government source from testifying against the defendant regarding his alleged participation in the conduct charged in Counts One through Three.

The defendant has pled not guilty to all these charges.  This means he is presumed innocent on each charge until and unless you are satisfied that the government has proved each essential element beyond a reasonable doubt, a standard I will explain to you later in this case.

Dated: July 17, 2024
New York, NY

/s/ Arlo Devlin-Brown

Arlo Devlin-Brown
Amanda Kramer
Lelia A. Ledain
Dean Acheson
Matthew T. Nelson*
Jacob Stark
**COVINGTON & BURLING LLP**
620 Eighth Avenue
New York, NY 10018
adevlin-brown@cov.com
akramer@cov.com
lledain@cov.com
dacheson@cov.com
mnelson@cov.com
jstark@cov.com
(212) 841-1000

*_Pro hac vice_ motion pending

_Counsel for Haji Abdul Satar Abdul Manaf_
