Ct. Ex 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

..............................................................................x

UNITED STATES OF AMERICA        :

                                :

         -v-                      :              18-cr-762 (JSR)

                                :

HAJI ABDUL SATAR ABDUL MANAF     :
(A/K/A "HAJI ABDUL SATTAR BARAKZAI"),   :

                                :

       Defendant.               :

..............................................................................x

### THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

TABLE OF CONTENTS

I. GENERAL INSTRUCTIONS

1.    Duty of the Court

2.    Duty of the Jury

3.    Duty of Impartiality

4.    Presumption of Innocence and Burden of Proof

5.    Reasonable Doubt

6.    Direct and Circumstantial Evidence

7.    Witness Credibility

8.    Specialized Testimony

9.    Role of the Interpreters

10.    A Defendant's Right to Not Testify

II. THE CHARGES

11.    Summary of the Charges

12.    Count One – Attempted Distribution of Heroin into the United States

13.    Count Two – Drug Trafficking with Intent to Provide Something of Value to the Taliban

14.    Count Three – Attempted Drug Trafficking in Attempt to Provide Something of Value to the Haqqani Network

15.     Count Five – Aiding and Abetting Witness Tampering

16.     Count Four – Conspiracy to Commit Witness Tampering

17.     Venue

### III. CONCLUDING INSTRUCTIONS

18.     Selection of Foreperson; Right to See Exhibits and Hear Testimony;

Communications with the Court

19.     Verdict; Need for Unanimity; Duty to Consult

## I. GENERAL INSTRUCTIONS

## INSTRUCTION NO. 1

## Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. These are the final and binding instructions, which entirely replace the preliminary instruction I gave you earlier. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

4

INSTRUCTION NO. 2

Duty of The Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you at the start of your deliberations a list of all the exhibits and all the admitted exhibits themselves (including the transcripts) except for the seized heroin packages and the audio and video recordings themselves (which will remain outside unless you ask to see them). If you need to review particular items of testimony, we can also arrange to provide them to you in transcript or read-back form.

Please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and the stipulations of the parties that were received in evidence.

5

Testimony consists of the answers that were given by the witnesses to the questions that were permitted. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

Furthermore, you should be careful not to speculate about matters not in evidence. For example, there is no legal requirement that the Government prove its case through a particular witness or by use of a particular law enforcement technique. Nor should you speculate about why one or another person whose name may have figured in the evidence is not part of this trial or what his or her situation may be. Likewise, there is nothing improper about the Government prosecuting crimes that occurred some years ago or that involved activity outside the United States as long as the required elements of U.S. law, which I will describe below, are met. Your focus should be entirely on assessing the evidence that was presented here for your consideration.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You

should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that on occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

INSTRUCTION NO. 3

Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded any other party. By the same token, it is entitled to no less consideration. All parties, whether the Government or individuals, stand as equals at the bar of justice.

Please also be aware that the question of possible punishment is the province of the judge, not the jury, and it should therefore not enter into or influence your deliberations in any way. Your duty is to weigh the evidence and not be affected by extraneous considerations.

It must be clear to you that if you were to let bias, or prejudice, or fear, or sympathy, or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

INSTRUCTION NO. 4

Presumption of Innocence and Burden of Proof

The defendant here, Haji Abdul Satar Abdul Manaf, also known as Haji Abdul Sattar Barakzai, is charged with five federal crimes about which I will instruct you shortly. Please bear in mind, however, that the charges, or "counts" as they are called, are not themselves evidence of anything.

The defendant has pleaded not guilty. To prevail against the defendant on a given charge, the Government must prove each essential element of that charge beyond a reasonable doubt. If the Government succeeds in meeting this burden, your verdict should be guilty on that charge; if it fails, your verdict must be not guilty on that charge. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, as to each charge, the defendant starts with a clean slate and is presumed innocent until such time, if ever, that you as a jury are satisfied that the Government has proved that he is guilty of that charge beyond a reasonable doubt.

INSTRUCTION NO. 5

Reasonable Doubt

Since, to convict the defendant of a given charge, the Government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must therefore be proof of a convincing character that a reasonable person would not hesitate to rely on in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond all possible or imaginable doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the defendant's guilt with respect to a particular charge against him, you must find the defendant not guilty of that charge. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a particular charge against him, you should not hesitate to find the defendant guilty of that charge.

10

INSTRUCTION NO. 6

Direct and Circumstantial Evidence

In deciding whether the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether it is raining. So you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

11

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

INSTRUCTION NO. 7

Witness Credibility

It must be clear to you by now that counsel for the Government and counsel for the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how

13

he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

In this regard you have heard testimony from witnesses who testified that they were paid informants for the Government, who worked in undercover capacities in connection with the Government's investigation of this case. The use of informants and undercover operatives are entirely lawful investigative techniques. However, in assessing the evidence relating to the testimony of such witnesses, you should take account of its special circumstances and consider such circumstances, along with all other relevant considerations, in determining what weight, if any, to give to such evidence.

You should also consider whether a witness had an opportunity to observe the facts he or she testified about and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

INSTRUCTION NO. 8

Specialized Testimony

The law permits parties to offer opinion testimony from witnesses who were not involved in the underlying events of the case but who by education or experience have expertise in a specialized area of knowledge. In this case, Dr. Tricia Bacon was offered as such a witness by the Government. Specialized testimony is presented to you on the theory that someone who is learned in the field may be able to assist you in understanding specialized aspects of the evidence.

However, your role in judging credibility and assessing weight applies just as much to this kind of witness as to other witnesses. When you consider the specialized opinions that were received in evidence in this case, you may give them as much or as little weight as you think they deserve. For example, a specialized witness necessarily bases his or her opinions, in part or in whole, on what that witness learned from other persons or other materials, and you may conclude that the weight given the witness's opinions may be affected by how accurate or inaccurate that underlying information is. More generally, if you find that the opinions of a specialized witness were not based on sufficient data, education, or experience, or if you should conclude that the trustworthiness or credibility of such a witness is questionable, or if the opinion of the witness is outweighed, in your judgment, by other evidence in the case, then you may, if you wish, disregard the opinions of that witness, either entirely or in part. On the other hand, if you find that a specialized witness is credible, and that the witness's opinions are based on sufficient data,

15

education, and experience, and that the other evidence does not give you reason to doubt the

witness's conclusions, you may, if you wish, rely on that witness's opinions and give them

whatever weight you deem appropriate.

INSTRUCTION NO. 9

Role of the Interpreters

Several interpreters have assisted us through these proceedings, and you should know what they can do and what they cannot do. Basically, the interpreters are here only to help us communicate during the proceedings. They are not parties in the case, have no interest in the case, and are completely neutral. Accordingly, please treat the interpretation of a witness's testimony as if the witness had spoken English and no interpreter was present. Do not allow the fact that a witness's underlying testimony is given in a language other than English, or that an interpreter assisted the defendant in translation, to influence you in any way.

INSTRUCTION NO. 10

A Defendant's Right to Not Testify

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent.

Accordingly, you must not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it against the defendant in any way in your deliberations in the jury room.

## II. THE CHARGES

## INSTRUCTION NO. 11

## Summary of the Charges

With these preliminary instructions in mind, let us turn to the five specific charges against the defendant, Haji Abdul Satar Abdul Manaf, also known as Haji Abdul Sattar Barakzai. These charges were originally set forth in what is called an Indictment, which is simply a charging instrument and is not itself evidence, so it will not be presented to you. The Indictment in this case charges Mr. Manaf with a total of five charges, or "counts" as they are called, and each count charges a different crime. I will, for convenience, refer to each charge or count by its number as it appears in the Indictment.

Count One charges Mr. Manaf with attempting to distribute one kilogram or more of heroin into the United States between in or about January 2018 and in or about October 2018. Count Two charges Mr. Manaf with distribution of one kilogram or more of heroin, while intending to provide in that connection something of pecuniary value to an organization that he knew had engaged in or was engaging in terrorist activity, specifically the Taliban. Count Three charges Mr. Manaf with attempting to distribute one kilogram or more of heroin, while attempting to provide in that connection something of pecuniary value to an organization that he knew had engaged in or was engaging in terrorist activity, specifically the Haqqani Network. Counts Four and Five are that Mr. Manaf conspired with, and aided and abetted, at least one

19

other person to use physical force or the threat of physical force, in order to influence, delay, or prevent a Government witness from testifying against Mr. Manaf regarding his participation in the first three Counts.

Before the defendant can be convicted of any of these charges, the Government must prove every essential element of the particular charge you are considering beyond a reasonable doubt. In your deliberations and in reaching your verdict, you must consider each charge separately and determine whether the Government has carried its burden of proof with respect to each essential element of that particular charge.

INSTRUCTION NO. 12

Count One – Attempted Distribution of Heroin into the United States

Count One charges the defendant with knowingly and intentionally attempting to distribute at least one kilogram of heroin into the United States at some time between in or about January 2018 and in or about October 2018. To prove the defendant guilty of this crime, the Government must prove each of two essential elements beyond a reasonable doubt:

First, that at any time between in or about January 2018 and in or about October 2018 the defendant took a substantial step towards distributing at least one kilogram of mixtures or substances containing heroin; and

Second, that he did so knowingly and with the intent to distribute at least some part of the heroin into the United States.

Let me elaborate on each of these elements.

"Distributing" heroin includes delivering, passing, or handing over the drug to another person, or causing someone else to deliver, pass on, or hand over the drug to another person. Distribution does not require a sale, nor does it require that the defendant himself have the substance in his physical possession as long as he has an effective working relationship with anyone who has actual possession of it and participates with such person in causing its distribution to another person.

21

As to quantity, the parties have stipulated that Government Exhibits 101 through 110 together contain more than one kilogram of mixtures or substances containing a detectable amount of heroin. Therefore, if you find that these were the drugs the defendant attempted to distribute, the quantity element will be satisfied. Nevertheless, the first element will still be satisfied if the Government proves that the defendant attempted to distribute any amount of heroin, even if less than one kilogram.

Taking a "substantial step" toward distributing heroin is more than mere preparation but less than completing the crime. It is a step that shows that the defendant had not only decided to distribute heroin but also took a significant step to help bring it about.

"Knowingly" means to act consciously and voluntarily, rather than by mistake or accident or mere inadvertence. It also means that the defendant was aware of the generally unlawful nature of his acts, but the Government is not required to show that the defendant knew that he was breaking any particular law.

"Intentionally" means to act deliberately and with a bad purpose, rather than innocently. In this case, it requires that the Government prove not only that the defendant intended to distribute heroin but also that he intended that at least some of the heroin would be imported into the United States. However, the Government does not have to prove that any heroin actually ever entered into the United States, but only that the defendant intended that this should happen. Likewise, the Government does not have to prove that the defendant intended to import into the

United States all of the heroin alleged to be distributed. It is sufficient if you find that the defendant intended to import any quantity of heroin into the United States, however small.

One additional point. You have heard some evidence of the defendant's alleged involvement in, or knowledge of, prior drug trafficking separate from his alleged attempt to distribute heroin in 2018 as charged in Count One. Even if proven, those prior alleged activities, to the extent they are separate from the attempted distribution of heroin in 2018 charged in Count One, can be considered by you, but only as bearing on whether, when he took such actions as you find he took in 2018 with respect to attempted drug distribution, he acted knowingly and intentionally, and not because of some mistake, accident, or other innocent reason. Similarly, when you turn to Counts Two and Three, which I will describe shortly but which also charge alleged actual or attempted heroin distributions in 2018, the defendant's alleged prior drug activities that are separate from the 2018 attempted distributions, to the extent you find that they have been proven, may be considered by you, but only to the extent they go to his knowledge and intent in his 2018 actions, and not for any other purpose.

If, but only if, you find the defendant guilty of Count One, you must also indicate on your verdict form whether the defendant attempted to distribute (a) one kilogram or more of mixtures or substances containing a detectable amount of heroin; (b) less than one kilogram but 100 grams or more of mixtures or substances containing a detectable amount of heroin; or (c) less than 100 grams of mixtures or substances containing a detectable amount of heroin. Your findings on quantity, like your other findings, must be unanimous and beyond a reasonable doubt.

23

INSTRUCTION NO. 13

Count Two – Drug Trafficking with Intent to Provide Something of Value to the Taliban

We will now turn to Count Two. Count Two charges that at some time between in or about January 2018 and in or about October 2018 the defendant, while knowingly and intentionally distributing at least one kilogram of heroin, also intended to provide thereby something of pecuniary value to an organization that he knew had engaged in or was engaging in terrorist activity, specifically the Taliban.

In order to sustain its burden of proof with respect to this charge, the Government must prove beyond a reasonable doubt two essential elements:

First, that at the relevant time, the defendant knowingly and intentionally distributed at least one kilogram of mixtures or substances containing heroin; and

Second, that he did so with the further intent to directly or indirectly thereby provide something of pecuniary value to the Taliban, knowing it was or had been engaged in terrorist activity.

With respect to the first element, my prior definitions of "knowingly," "intentionally," and "distributing" apply here as well. As to quantity, the first element is still satisfied if the Government proves that the defendant distributed any amount of heroin, even if less than one kilogram.

24

As to the second element, the parties have stipulated that the Taliban is a terrorist organization, and that at the relevant times the defendant knew that the Taliban had engaged in or was engaging in terrorist activity. But the Government must still prove that the defendant intended to provide something of pecuniary value to the Taliban, directly or indirectly, in connection with his distribution of heroin. "Pecuniary value" means something of monetary or economic value.

If, but only if, you find the defendant guilty of Count Two, you must also indicate on your verdict form whether the defendant distributed (a) one kilogram or more of mixtures or substances containing a detectable amount of heroin; (b) less than one kilogram but 100 grams or more of mixtures or substances containing a detectable amount of heroin; or (c) less than 100 grams of mixtures or substances containing a detectable amount of heroin. Your findings on quantity, like your other findings, must be unanimous and beyond a reasonable doubt.

INSTRUCTION NO. 14

<u>Count Three – Attempted Drug Trafficking in Attempt to Provide Something of Value to the Haqqani Network</u>

You will notice that Count One charges an <u>attempt</u> to complete a crime, while Count Two charges a completed crime. We will now turn to the other count that charges the defendant with <u>attempting</u> to complete a crime. Therefore, the instruction I gave you in Count One regarding attempt—that is, that the Government must prove that the defendant intended to commit the underlying crime and that, even if the underlying crime was never completed, the defendant took a substantial step toward accomplishing the crime—applies here as well. Specifically, Count Three charges that at some time between in or about January 2018 and in or about October 2018, the defendant, while knowingly and intentionally attempting to distribute at least one kilogram of heroin, also attempted to provide thereby something of pecuniary value to an organization that he knew had engaged in or was engaging in terrorist activity, specifically the Haqqani Network.

To prove this crime, the Government must prove two essential elements beyond a reasonable doubt:

<u>First</u>, that at the relevant time, the defendant knowingly and intentionally attempted to distribute at least one kilogram of mixtures or substances containing heroin; and

26

Second, that he did so with the further intent to directly or indirectly attempt to provide something of pecuniary value to the Haqqani Network, knowing it was or had been engaged in terrorist activity.

With respect to the first element, my prior definitions of "knowingly," "intentionally," and "distributing" apply here as well.

As to the second element, the parties have stipulated that the Haqqani Network is a terrorist organization, and that at the relevant times the defendant knew that the Haqqani Network had engaged in or was engaging in terrorist activity. But the Government must still prove that the defendant attempted to provide something of pecuniary value to the Haqqani Network, directly or indirectly, in connection with the attempted distribution of heroin.

If, but only if, you find the defendant guilty of Count Three, you must also indicate on your verdict form whether the defendant attempted to distribute (a) one kilogram or more of mixtures or substances containing a detectable amount of heroin; (b) less than one kilogram but 100 grams or more of mixtures or substances containing a detectable amount of heroin; or (c) less than 100 grams of mixtures or substances containing a detectable amount of heroin. Your findings on quantity, like your other findings, must be unanimous and beyond a reasonable doubt.

27

INSTRUCTION NO. 15

Count Five – Aiding and Abetting Witness Tampering

Count Four charges the defendant with conspiring to commit witness tampering, and Count Five charges the defendant with aiding and abetting others to commit witness tampering, at any time between in or about February 2019 and in or about April 2019. For convenience, we will first consider Count Five (the aiding and abetting count) and then consider Count Four (the conspiracy count).

The underlying crime of witness tampering requires the Government to prove:

First, that someone knowingly and intentionally used physical force or the threat of physical force against a government witness; and

Second, that the person who used the physical force or used threats of physical force did so with intent to influence, delay, or prevent the testimony of the witness in a U.S. official proceeding.

To act with the "intent to influence, delay, or prevent the testimony of a witness" means to act for the purpose of getting that witness to change his or her testimony in some significant respect or to delay or avoid the witness's testifying altogether.

An "official proceeding" means a proceeding before a U.S. court, judge, or federal agency. You are instructed that a federal criminal case like this one is an official proceeding.

28

Even if the defendant did not himself commit witness tampering, the Government may still meet its burden to prove that the defendant is guilty of that offense if it proves that he aided and abetted the commission of that offense by one or more other persons. In order to prove the defendant guilty under this approach of aiding and abetting, the Government must prove beyond a reasonable doubt these essential elements:

First, that one or more other persons committed witness tampering; and,

Second, that at some time between in or about February 2019 and in or about April 2019, the defendant willfully and knowingly associated himself in some way with the witness tampering committed by the other person and willfully and knowingly sought by some act to help the crime succeed.

Please note, however, that the law does not recognize or permit guilt by association and that therefore the mere knowledge by the defendant that another person is about to commit witness tampering is not sufficient to make the defendant guilty of that crime under this approach of aiding and abetting. The defendant would only be guilty of the offense under this approach of aiding and abetting if, in addition to knowing of the criminal activity, he knowingly and intentionally actually took actions intended to help it succeed.

29

INSTRUCTION NO. 16

Count Four – Conspiracy to Commit Witness Tampering

Independent of being charged with aiding and abetting witness tampering (Count Five), the defendant is charged in Count Four with conspiring to commit witness tampering. This charge requires the Government to prove two elements beyond a reasonable doubt:

First, the existence of the charged conspiracy; and

Second, that the defendant knowingly and intentionally joined and participated in the conspiracy at some time between in or about February 2019 through in or about April 2019.

Starting with the first essential element, what is a conspiracy? A conspiracy is an agreement, or an understanding, of two or more persons to accomplish by concerted action one or more unlawful purposes, known as the "object" or "objects" of the conspiracy. The unlawful purpose here alleged to be the object of the conspiracy is an agreement to influence, delay, and prevent a witness's testimony with respect to the prosecution of Counts One through Three. I have already instructed you on the essential elements of that underlying crime of witness tampering when I instructed you on Count Five. The conspiracy here charged is that several persons, including the defendant, agreed to a plan to commit such witness tampering.

Please bear in mind that conspiracy is an entirely distinct and separate offense from the particular substantive crime charged in Count Five. The actual commission of the object of the conspiracy is not an essential element of the crime of conspiracy. Rather, the Government is

30

required to prove beyond a reasonable doubt only that two or more persons, in some way or manner, explicitly or implicitly, came to an understanding to accomplish the objective of knowingly influencing a witness and preventing him from testifying.

While the Indictment charges that the alleged conspiracy began in or about February 2019 and continued up to in or about April 2019, it is not essential that the Government prove that the conspiracy started and ended on those specific dates or that it existed throughout that period. Rather, it is sufficient to satisfy the first element that you find that in fact a conspiracy was formed and that it existed for any time within the charged period.

If the charged conspiracy existed, you must then consider whether the Government has proved beyond a reasonable doubt the second essential element: that the defendant joined and participated in the conspiracy and did so knowingly and intentionally, as those terms were previously defined.

To join and participate in a conspiracy, it is not necessary that the defendant be fully informed of all the details of the conspiracy in order to justify an inference of membership on his part. Nor does the defendant need to know the full extent of the conspiracy or all of its participants. It is also not necessary that the defendant receive any monetary benefit from participating in the conspiracy. All that is necessary is proof beyond a reasonable doubt that the defendant joined and participated in the conspiracy knowingly, and with the intent to aid in the accomplishment of its unlawful object as previously discussed.

31

The defendant also need not have joined the conspiracy at the outset. The defendant may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined, as well as all that was done during the conspiracy's existence while the defendant was a member. The law does not require that each conspirator have an equal role in the conspiracy. Even a single act may be sufficient to draw the defendant within the ambit of a conspiracy if it meets the essential requirements I have described.

However, I want to caution you that the mere association or familial relationship by one person with another person does not make the first person a member of the conspiracy, even when coupled with knowledge that the second person is committing a crime. In other words, knowledge without participation is not sufficient. What is necessary is that the defendant have participated in the conspiracy with knowledge its object and with an intent to aid in the accomplishment of that unlawful object.

INSTRUCTION NO. 17

Venue

One last requirement. Before the defendant can be convicted of any of the foregoing charges, the Government must also establish what is called "venue," that is, that the crime had some relationship, however minimal, with the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, Westchester County, Orange County, and other counties not here relevant.

For Counts One, Two, and Three, the Government need not prove that the crime was committed in this District or that the defendant himself was present here. For these counts, it is enough that the point of entry where the defendant was first brought into the United States was in the Southern District of New York. Here, the parties have stipulated that, following his arrest in Estonia, the defendant was transported to the United States where he was first brought to the Westchester County Airport, which is located in the Southern District of New York.

With respect to Counts Four and Five, the Government must prove that some act in furtherance of that charge occurred in the Southern District of New York. Venue is proven if any act in furtherance of the count you are considering occurred in any of these counties, regardless of whether it was an act of the charged defendant or anyone else.

Furthermore, on the issue of venue—and on this alone—the Government can meet its burden by a preponderance of the evidence, that is, by showing that it was more likely than not that an act in furtherance of a given charge occurred in the Southern District of New York.

## III. CONCLUDING INSTRUCTIONS

### INSTRUCTION NO. 18

### Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, we will send into the jury room a list of the exhibits and all the exhibits themselves (including the transcripts) except the seized heroin packages and the video and audio tapes (which will be kept here but which you can examine on request). If you want any of the testimony provided, that can also be done, in either transcript or read-back form. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

35

INSTRUCTION NO. 19

Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form. As I have already explained, the Government, to prevail on a particular charge against the defendant, must prove each essential element of that charge beyond a reasonable doubt. If the Government carries this burden, you should find the defendant guilty of that charge. Otherwise, you must find the defendant not guilty of that charge.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, you should exchange views with your fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change an opinion that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and must also be unanimous.

This completes my instructions of law.

36