UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA  :

    - v. -  :

HAJI ABDUL SATAR ABDUL MANAF,  :
   a/k/a "Haji Abdul Sattar Barakzai,"  :

    Defendant.  :

------------------------------------x

PRELIMINARY ORDER
OF FORFEITURE AS TO
SPECIFIC PROPERTY/
MONEY JUDGMENT

S1 18 Cr. 762 (JSR)

WHEREAS, on or about August 6, 2019, HAJI ABDUL SATAR ABDUL MANAF, a/k/a "Haji Abdul Sattar Barakzai," (the "Defendant"), was charged in a five-count Superseding Indictment, S1 18 Cr. 762 (JSR) (the "Indictment"), with attempted narcotics importation, in violation of Title 21, United States Code, Section 959 (Count One); one count of narco-terrorism and one count of attempted narco-terrorism, each in violation of Title 21, United States Code, Section 960a (Counts Two and Three, respectively); and one count of witness tampering conspiracy and one count of witness tampering, each in violation of Title 18, United States Code, Section 1512(a)(2) (Counts Four and Five, respectively);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Sections 853, of any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in Count One of the Indictment, and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Indictment included a second forfeiture allegation as to Counts Two and Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), of any and all assets, foreign and domestic of the Defendant; any and all assets, foreign and domestic, affording the Defendant a source of influence over any entity or organization engaged in planning or perpetrating the offenses charged in Counts Two and Three of the Indictment; any and all assets, foreign and domestic, acquired or maintained with the intent and for the purpose of supporting, planning, conducting or concealing the offenses charged in Counts Two and Three of the Indictment; any and all assets, foreign and domestic, derived from, involved in, or used or intended to be used to commit the offenses charged in Counts Two and Three of the Indictment, including but not limited to, a sum of money in United States currency representing the total amount of the Defendant's assets;

WHEREAS, on or about February 6, 2019, the Government seized $950 in United States currency and 3,710 in Afghan currency from the Defendant at the time of his arrest (the "Specific Property"), as set forth in the below chart;

| DEA Exhibit N-32a | 3,710 Afghanis |
| DEA Exhibit N-32b | $950.00 |

WHEREAS, on or about August 1, 2024, following a jury trial, the Defendant was convicted on all counts of the Indictment;

WHEREAS, the Government asserts that $18,000 in United States currency represents the proceeds obtained, directly and indirectly, as a result of the offense charged in Count

One of the Indictment that the Defendant personally obtained and the amount of property or assets involved in the offenses charged in Counts Two and Three of the Indictment;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $18,000 in United States currency representing the proceeds traceable to the offenses charged in Counts One of the Indictment that the Defendant personally obtained and the amount of property or assets involved in the offenses charged in Count Two and Three of the Indictment;

WHEREAS, the Government asserts that the Specific Property is forfeitable as domestic assets of the Defendant pursuant to Title 18, United States Code, Section 981(a)(1)(G);

WHEREAS, the Government, pursuant to Title 18, United States Code, Section 981(a)(1)(G), seeks the forfeiture of all right, title and interest of the Defendant in the Specific Property;

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, and the property involved in the offenses charged in Counts Two and Three of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property;

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Three of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $18,000 in United States currency (the "Money Judgment"), representing the proceeds traceable to the offense charged in Count One of the Indictment, that the Defendant personally obtained and the amount of property or assets involved in the offenses charged in Counts Two and Three of the Indictment, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, HAJI ABDUL SATAR ABDUL MANAF, a/k/a "Haji Abdul Sattar Barakzai," and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, 26 Federal Plaza, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

6. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

7. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

8. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

9. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to

the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

10. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

11. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

12. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

12/13/24
DATE