MANDATE

18-cr-0762 (JSR)

25-41-cr
United States v. Manaf

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand twenty-six.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: Oct 21, 2026

PRESENT: RAYMOND J. LOHIER, JR.,
*Chief Judge*,
SARAH A. L. MERRIAM,
*Circuit Judge*,
MARY KAY LANTHIER,
*District Judge*.*

---

UNITED STATES OF AMERICA,

*Appellee*,

v. No. 25-41-cr

HAJI ABDUL SATAR ABDUL MANAF, AKA HAJI ABDUL SATTAR BARAKZAI,

*Defendant-Appellant*.

---

* Judge Mary Kay Lanthier, of the United States District Court for the District of Vermont, sitting by designation.

MANDATE ISSUED ON 10/20/2026

FOR APPELLEE: NICHOLAS S. BRADLEY (Sam Adelsberg, Kimberly J. Ravener, James Ligtenberg, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY

FOR DEFENDANT-APPELLANT: DANIEL G. RANDOLPH, Covington & Burling LLP, Washington, DC (Amanda Kramer, Dean S. Acheson, Jacob T. Stark, Covington & Burling LLP, New York, NY, Arlo Devlin-Brown, Treanor Devlin Brown PLLC, New York, NY, Emma Keteltas Graham, Covington & Burling LLP, Washington, DC, *on the brief*)

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this order.

Haji Abdul Satar Abdul Manaf appeals from the December 20, 2024 judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*) convicting him, after a jury trial, of attempted narcotics importation, in violation of 21 U.S.C. §§ 959 and 963 (Count One); engaging in and attempting to engage in drug activity punishable under 21 U.S.C. § 841(a), "knowing and intending to provide . . . something of pecuniary value" to any terrorist group, in violation of 21 U.S.C. § 960a (Counts Two and Three); and witness tampering and witness tampering conspiracy, in violation of 18 U.S.C. § 1512 (Counts Four and Five). App'x at 11–12. Manaf was sentenced principally to a term of 240 months' imprisonment on Counts Two and Three, to run consecutive to a term of 120 months' imprisonment on Count One and concurrent to a term of 60 months' imprisonment on Counts Four and Five. On appeal, Manaf argues that (1) the District Court erred by failing to instruct the jury on the jurisdictional element of § 960a; (2) the Government failed to prove elements of the § 960a counts of conviction; and (3) the Government denied him a fair trial. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

## I. Adequacy of Jury Instructions

Manaf argues that we should vacate his convictions on Counts Two and Three because the jury instructions omitted mention of § 960a's jurisdictional predicate. The Government responds that Manaf waived this argument by proposing materially similar instructions to those actually given at trial. We disagree. Waiver requires the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (quotation marks omitted). Where, as here, a defendant proposes instructions that inadvertently omit a required element, the challenge to the instructions is not waived absent evidence that the defendant "intentionally relinquished a known right, attempted to gain a tactical advantage, or exhibits buyer's remorse for a charge he affirmatively invited." *United States v. Saab*, 164 F.4th 198, 213–14 (2d Cir. 2026). Nothing in the record suggests that either Manaf or the Government recognized the need to instruct the jury on § 960a's jurisdictional predicate, and the issue was never raised to the District Court. We accordingly review Manaf's challenge to the jury instructions for plain error. *See id.* at 214–15; *United States v. Caltabiano*, 871 F.3d 210, 219 (2d Cir. 2017).

On plain-error review, the Government does not dispute that the District Court's failure to charge the jury on the jurisdictional element of § 960a

constituted error. But Manaf has not demonstrated that the third prong of plain error is satisfied—in particular, that there is "a reasonable probability that, but for the error, the outcome of the proceeding would have been different" and thus affected his substantial rights. *Greer v. United States*, 593 U.S. 503, 507–08 (2021) (quotation marks omitted).

The parties stipulated that Manaf was transported to the Southern District of New York following the charged conduct. Under § 960a(b), "[t]here is jurisdiction over an offense" if any one of several conditions is met. 21 U.S.C. § 960a(b). Jurisdiction exists, for example, when the offender is "brought into" the United States after the offense conduct, "even if the conduct required for the offense occurs outside the United States." *Id.* § 960a(b)(5). The parties' stipulation thus supplied a statutory basis for finding that jurisdiction exists over Manaf's offense conduct.[1] In addition, the Government introduced evidence at trial that Manaf provided a heroin sample to an undercover agent for importation to and distribution in New York, and that he also planned additional shipments to New York. This conduct targeted the United States, affected foreign commerce, and violated federal drug laws, and thus provides a

[1] Manaf does not challenge the constitutionality of this statutory provision.

jurisdictional nexus under § 960a(b)(1) and § 960a(b)(2). *See In re Sealed Case*, 936 F.3d 582, 585–86, 589–92 (D.C. Cir. 2019); *cf. United States v. Al Kassar*, 660 F.3d 108, 118 (2d Cir. 2011) ("For non-citizens acting entirely abroad, a jurisdictional nexus exists when the aim of that activity is to cause harm inside the United States or to U.S. citizens or interests."). In light of this evidence, we think there is no reasonable probability that a properly instructed jury would have declined to find a jurisdictional nexus beyond a reasonable doubt.

### II. Sufficiency of the Evidence

Next, Manaf challenges the sufficiency of the evidence supporting his convictions on Counts Two and Three. In raising a sufficiency challenge, he "bears a heavy burden," and "we view the evidence in the light most favorable to the government." *United States v. Pierce*, 785 F.3d 832, 837–38 (2d Cir. 2015) (quotation marks omitted); *see United States v. Hussain*, 835 F.3d 307, 312 (2d Cir. 2016). With that burden in mind and with respect to Manaf's convictions for violating § 960a, we consider whether the evidence at trial sufficed to show that Manaf engaged in drug activity punishable under 21 U.S.C. § 841(a), or attempted or conspired to do so, "knowing or intending to provide, directly or indirectly, anything of pecuniary value to any person or organization that has engaged or engages in terrorist activity . . . or terrorism." 21 U.S.C. § 960a(a); *see*

*United States v. Garavito-Garcia*, 827 F.3d 242, 250 (2d Cir. 2016). Manaf challenges his conviction on Count Two, arguing that the Government failed to prove his intent to provide anything of pecuniary value to the Taliban. We easily reject this challenge.

"[A]nything of pecuniary value" is defined as "anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage." 18 U.S.C. § 1958(b)(1) (quotation marks omitted); *see* 21 U.S.C. § 960a(d); *United States v. Hardwick*, 523 F.3d 94, 100 (2d Cir. 2008) (noting there must be "some evidence to establish that at the time the agreement was formed, the consideration was something the primary significance of which lay in its economic advantage" (quotation marks omitted)). Section 960a's reference to "anything of pecuniary value" neither specifies a minimum amount or value nor suggests that the value provided by the defendant must itself be derived from drug proceeds. *See, e.g.*, *United States v. Zhang*, 135 F.4th 44, 51 (2d Cir. 2025) (holding that the promise of business connections constitutes "something of pecuniary value"), *cert. denied*, 146 S. Ct. 1494 (2026); *United States v. Babilonia*, 854 F.3d 163, 176 (2d Cir. 2017) (finding an agreement to provide an unspecified amount of money in exchange for murder-for-hire established pecuniary value element); *Garavito-Garcia*, 827 F.3d at 250–51

(Section 960a requires proof that the defendant "provided a pecuniary benefit"); *Hardwick*, 523 F.3d at 101–02 (providing firearm as payment satisfies the pecuniary value element).

The trial evidence shows that Manaf engaged in heroin trafficking, paid the Taliban for a stamp to identify his packaged drugs and to facilitate their transport, and intended to continue making such payments to the Taliban. Manaf submits that the stamp fee does not constitute something of pecuniary value because it "functioned as a tax." Appellant's Br. 8. But even accepting Manaf's characterization of the fee, nothing in § 960a suggests that a tax payment cannot constitute a thing of "pecuniary value." We therefore conclude that there was sufficient evidence for a jury to find beyond a reasonable doubt that Manaf intended to provide something of pecuniary value to the Taliban.[2]

---

[2] We recognize that the D.C. Circuit has stated, in dicta, that § 960a, "[b]roadly speaking, . . . criminalizes supporting terrorist groups with the proceeds of illegal drug trafficking." *In re Sealed Case*, 936 F.3d at 585. Taking his cue from that statement, Manaf argues that there was no evidence that any "proceeds" of drug trafficking, including any of the approximately $18,000 in proceeds of the 10-kilogram drug delivery from Manaf to undercover law enforcement agents, went to the Taliban. To be sure, drug proceeds quite plainly constitute "anything of value in the form of money . . . or anything else the primary significance of which is economic advantage." 18 U.S.C. § 1958(b)(1); *see* 21 U.S.C. § 960a(d). But we do not think § 960a confines the meaning of "anything of pecuniary value" to such proceeds.

Case: 25-41, 10/20/2026, DktEntry: 77.1, (9 of 12)

As to Count Three, Manaf argues that the Government failed to establish that he attempted or conspired to commit a predicate drug offense with the intent to provide something of pecuniary value to the Haqqani Network. Having carefully reviewed the very extensive factual record in this case in the light most favorable to the Government, we must agree with Manaf. Evidence at trial showed that Manaf had facilitated a significant payment to the Haqqani Network, took substantial steps toward future drug trafficking, and sought to maintain a relationship with the Haqqani Network to facilitate future drug transactions. But § 960a requires more than evidence that Manaf paid the Haqqani Network to facilitate *future* drug trafficking. The statute also requires proof that Manaf knowingly committed (or attempted or conspired to commit) a drug offense with the intent "to provide, directly or indirectly, anything of pecuniary value" to the Haqqani Network. 21 U.S.C. § 960a(a); *In re Sealed Case*, 936 F.3d at 585. Proof of *that* intent on Manaf's part is completely absent from the record. We therefore conclude that the evidence adduced against Manaf at trial was insufficient to support his conviction on Count Three. *See United States v. Torres*, 604 F.3d 58, 66–67 (2d Cir. 2010).

Case 25-41, 10/20/2026, DktEntry 77.1, 10 of 12

## III. Alleged Prejudicial Evidence and Summation Remarks

Manaf next argues that the District Court denied him a fair trial by admitting expert testimony concerning the terrorist activities of the Taliban and the Haqqani Network and permitting certain summation comments by the Government. We review evidentiary rulings for abuse of discretion, reversing only for manifest error. *See United States v. Miller*, 626 F.3d 682, 687–88 (2d Cir. 2010).

At trial, Dr. Bacon, an expert on the Taliban and the Haqqani Network, testified about the groups' "engage[ment] in terrorist activit[ies]" and "terrorism," an element of the charged § 960a offenses. 21 U.S.C. § 960a(a); *see* 8 U.S.C. § 1182(a)(3)(B); 22 U.S.C. § 2656f(d)(2). Specifically, Dr. Bacon testified to the use of violence, coercion, and intimidation by the groups. 21 U.S.C. § 960a(a); *see* 8 U.S.C. § 1182(a)(3)(B); 22 U.S.C. § 2656f(d)(2). We see no abuse of discretion in the District Court's decision to admit Dr. Bacon's testimony. The terrorist activities that Dr. Bacon described were not "more sensational or disturbing" than the offense conduct at issue in Manaf's case. *United States v. Roldan–Zapata*, 916 F.2d 795, 804 (2d Cir. 1990). In any event, the testimony "represented only a tiny fraction of the testimony heard by the jury." *Id.*

Lastly, claiming a violation of his due process right to a fair trial, Manaf castigates as improper certain remarks made by the Government during summation and on rebuttal. Although he did not contemporaneously object to most of these statements, Manaf nonetheless asks for a new trial. We review claims of prosecutorial misconduct in summation *de novo*, but reverse only if the defendant shows substantial prejudice. *See United States v. Daugerdas*, 837 F.3d 212, 227 (2d Cir. 2016).

The challenged statements during the Government's summation and rebuttal fall short of being "so severe and significant" as to have denied Manaf his right to a fair trial. *United States v. Williams*, 690 F.3d 70, 75 (2d Cir. 2012) (quotation marks omitted). Even assuming that the comments to which Manaf objected were improper, the District Court's curative instruction as to the reference to the Taliban's 2018 insurgency mitigated any potential prejudice, and the strength of the Government's proof significantly diminishes any claim of substantial harm as to both comments. *See Patterson v. Balsamico*, 440 F.3d 104, 119 (2d Cir. 2006); *United States v. Modica*, 663 F.2d 1173, 1181–82 (2d Cir. 1981). Considering the summations in the context of the entire record, Manaf has not shown that the remarks deprived him of a fair trial. *Williams*, 690 F.3d at 74–75.

## CONCLUSION

We have considered Manaf's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit